63  389
51a 573

# The Toledo, Wabash and Western Railway Co.

## *v.*

## Isaac McLaughlin.

1. CONTINUANCE—*of motion for new trial.* A motion was made for the continuance of a motion for a new trial, on the ground of surprise in the testimony of the adverse party, and to enable the party to procure affidavits of witnesses to disprove the unexpected testimony, in support of the motion for a new trial. The court overruled the motion for a continuance: *Held,* that the motion was addressed to the discretion of the court, and unless that discretion was abused, this court would not interfere with its exercise.

2. PLEADING—*declaration—whether in trespass a case.* Although the introductory part of a declaration may be in the form of trespass *vi et armis,* yet if the sole count is a count in trespass on the case, the declaration will be a declaration in case, and not in trespass.

3. VARIANCE—*between writ and declaration.* A variance between the writ and declaration, as where the writ is in trespass and the declaration in case, can not be taken advantage of on motion in arrest of judgment, but only by plea in abatement or motion in apt time.

APPEAL from the Circuit Court of Scott county; the Hon. CHARLES D. HODGES, Judge, presiding.

The summons in this case was in trespass, laying the damages at $3000. The introductory part of the plaintiff's declaration was as follows: "And now comes Isaac McLaughlin, plaintiff, and complains of the Toledo, Wabash and Western Railway Company, a body duly incorporated under the laws of Illinois, defendant, in a plea of trespass, for that whereas," etc. Then follows the count in case for neglect of duty in the erection and maintenance of fences along the track of defendant's railroad, and the killing of a cow and eleven hogs of plaintiff by defendant's train in consequence of such neglect.

Mr. W. H. BARNES, for the appellant.

Mr. H. CASE, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The only errors assigned on this record are, the overruling of the motion for a continuance of the motion made for a new trial, and overruling the motion in arrest of judgment.

The motion for such continuance was based on the affidavit of defendant's counsel of surprise by the testimony introduced by the plaintiff: that, since the place and time of the alleged killing of the plaintiff's stock had been located and fixed by said testimony, the defendants had inquired into the facts, and, as the affiant was informed, had learned that they could entirely disprove the facts testified to by the plaintiff's witnesses; and as the place of trial was 100 miles distant from the place of the alleged occurrence, a continuance of the motion was necessary, and was asked for in order to obtain the affidavits of the witnesses.

This was a motion addressed to the discretion of the court, and we see no such abuse of discretion as calls for our interference with the mode in which it was exercised.

The ground of the motion in arrest of judgment was, that the action was in trespass, and the declaration purports to be in trespass, but the count is in trespass on the case.

The discrepancy which is insisted upon is not apparent. The term "trespass," as here used, may be taken, without doing violence to language, in its most extensive signification, as meaning a wrong done generally, and not as denoting the particular species of action of trespass *vi et armis,* rather than that of trespass *on the case.*

It is admitted that the count in the declaration is a count in trespass on the case. This would make the declaration one in case, although the declaration commences in another form of action, under the authority of *Ayres* v. *Richards,* 12 Ill. 146, where it was held that, when the introductory part of a declaration is in the appropriate form for debt, but all the counts are strictly and technically in assumpsit, it will be considered a declaration in assumpsit. At the most, then, it is only a case of variance between the writ and declaration, which can be taken advantage of only by plea in abatement, or by motion in apt time, which was not attempted to be done here. *Cruikshank* v. *Brown,* 5 Gilm. 75.

The judgment of the court below is affirmed.

*Judgment affirmed.*