## BARNEY *v.* CHAPMAN.

*(Circuit Court, N. D. Illinois.* October, 1884.)

PRACTICE—CA. SA.—EMBEZZLEMENT—ILL. REV. ST. CH. 77, §§ 5, 62—ACTION EX CONTRACTU.

Where a plaintiff waives the tort and sues by action in form *ex contractu* to recover money wrongfully converted to his own use by defendant, and the record shows that a tort has been actually committed, he is entitled, under the Illinois statute, to a *ca. sa.* or execution against the body of defendant, notwithstanding the form of action adopted.

Motion to Quash *ca. sa.*

*E. F. Bull,* for plaintiff.

*C. Bentley,* for defendant.

BLODGETT, J. This is a motion to quash a *ca. sa.* issued against the defendant, and by which he is now under arrest, in custody of the marshal of this district. This *ca. sa.* is issued on a judgment rendered March 27, 1880, for $14,000 and costs. The motion is predicated upon the ground that no execution was issued upon this judgment against the property of the defendant prior to the issue of the *ca. sa.*, and no demand was made that he surrender his property in satisfaction of the judgment, and also that no affidavit of the issuing of the execution and the demand for the surrender of property under it, and charging defendant with fraud in withholding or concealing his property, was made prior to the issue of the *ca. sa.* The plaintiff, in answer to the motion, says the record shows this was not such a case as required the preliminary issue of an execution or the filing of an affidavit before a *ca. sa.* could issue, and that, therefore, the affidavit, which was in fact filed before the issue of the *ca. sa.*, but did not show the issue of an execution and demand for surrender of property under it, was entirely unnecessary, and that the plaintiff had a right to the *ca. sa.* in the first instance. Section 5, c. 77. Rev. St., reads as follows:

"No execution shall issue against the body of a defendant except when a judgment shall have been obtained for a tort committed by such defendant, or unless the defendant shall have been held to bail upon a writ of *capias ad satisfaciendum,* as provided by law, or he shall refuse to deliver up his estate for the benefit of his creditors."

The fair construction of this section, I think, is this: There are three cases made in which a *ca. sa.* or execution against the body may issue: *First,* where the judgment is rendered for a tort committed by the defendant; *second,* where the defendant shall have been held to bail on a *capias ad respondendum;* and, *third,* where he shall have refused to deliver up his estate for the benefit of his creditors. And section 62 of the same chapter provides specifically for the last case, where an execution shall have been issued on a judgment and demand made for the surrender of the property of the defendant on execution, and a refusal when an affidavit shall be filed

setting forth these facts, and also that the defendant has property with which to satisfy the execution which he unjustly refuses to surrender, or has conveyed or concealed the same with intent to defraud his creditors, etc. Then a *ca. sa.* may issue upon an order of the judge of the court in which the judgment was rendered; that is, facts showing fraud must be set out in the affidavit to the satisfaction of the judge or other officer whose duty it is to order a *ca. sa.* in a proper case made out. The cause of action shown by the record in this case is, briefly, that defendant was an agent of the United States Express Company at La Salle, in this state, and that, as such agent, a package containing $14,000 came into his hands to be delivered to the Mathesen & Ziegler Zinc Company, at that place, and that instead of so delivering said money to the consignee, defendant converted the same to his own use. The declaration contains two counts somewhat varying the allegations, but the substance of the declaration was as I have stated.

The action is in form *ex contractu.* The plea was the general issue, upon which issue was joined, and upon trial before a jury a verdict was found in favor of the plaintiff. We may therefore say that the defendant stands upon the records of the case as convicted of the charge of having converted plaintiff's money to his own use. The issue so made has been tried by a jury, defendant found guilty, and judgment rendered. While the action is in form *ex contractu,* the *gravamen* and gist of the action is a tort clearly set out by the averments in the declaration, and the only question is whether the plaintiff has waived the right of proceeding in the first instance against the body of the defendant by having brought this action in form *ex contractu.* In a case such as is made by this declaration, the right to sue in form *ex contractu* arises from the principle that the law will presume a promise by the defendant to pay to the plaintiff any money he may have, belonging to the plaintiff, which he ought not in conscience to retain; but the allegation of a promise to pay by the defendant is a pure fiction; the right of action arises from the tort stated, and not from the promise averred. The language of the statute is: "No execution shall issue against the body of the defendant except when the judgment shall have been obtained for a tort committed by such defendant." It does not say the plaintiff must necessarily pursue the form of an *ex delicto* action in order to entitle him to an execution against the body of the defendant, if it appears on the record, and has been adjudged against him, that the real right of action was for a tort committed by the defendant.

It seems to me that the record in this case shows the judgment to have been rendered for a tort committed by the defendant, and that no issue of execution and demand of property thereon, and affidavit showing fraud, were necessary as conditions precedent to the issue of the *ca. sa.* The court can see, from an inspection of the record, that a wrong has been committed, that an embezzlement has been perpe-

trated, that entitled the plaintiff to the remedies in case of tort. It seems to me, therefore, that plaintiff having brought his suit in form *ex contractu*, does not deprive him of the process on his judgment which the law says he is entitled to for a tort committed by the defendant.

The motion to quash is overruled.