# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

## THE PEOPLE *ex rel.* Almon D. Ellis *et al.*

### *v.*

## JOHN J. HEALY, Clerk.

### *Filed at Ottawa April 3, 1889.*

1. FRAUD AND DECEIT—*in the purchase of goods upon credit.* The representation of a person that he wished to purchase goods on credit can not be said to be false, when he does, in fact, make such a purchase. The representation that he will pay the price at the termination of the credit is simply a promise to pay, and his subsequent inability to discharge his obligation does not render him liable to an action for fraud and deceit.

2. Representations and promises of payment by a purchaser on credit, even if he at the time does not intend to pay, is but an unexecuted intention, which, of itself, does not constitute an actionable fraud. A promise to perform an act, though accompanied with an intention not to perform, is not such a representation as can be made the ground of an action at law, as for fraud. The party should sue upon the promise.

3. It is not enough, to maintain an action by the vendor of goods for fraud and deceit, that the purchaser knew himself at the time to be insolvent, and had no reasonable expectation of paying for the goods. It is, however, true, that the purchase of goods by one who at the time intends never to pay for the same, is such a fraud as will entitle the vendor to rescind the sale and reclaim the property, although there were no fraudulent representations or false pretenses.

4. PLEADING—*of the declaration—in an action for fraud and deceit.* In an action to recover for fraud and deceit, the plaintiff must allege the facts relied on as constituting the fraud, and when false representations are relied on, it is essential that they relate to some material existing fact or facts, and not to the future intention of the defendant. The ground of liability in such cases rests upon the affirmation of some existing fact, which the party making knows, or has good reason to know, to be false.

5. In this case it was alleged in the declaration, that on, etc., the plaintiffs were possessed of certain goods, of the value of $1000, and that "the defendant, falsely and fraudulently, and for the purpose of inducing the plaintiffs to part with the possession of said goods, represented to the plaintiffs that he desired to purchase said goods of the plaintiffs on credit, and that he would pay for said goods their reasonable value, and thereupon the plaintiffs, relying upon the said representations and promises of the defendant in that behalf, and believing the same to be true, sold and delivered the said goods to the defendant on credit; and said plaintiffs aver that said promises and representations of defendant were utterly false at the time they were made, and were so known to the defendant, and were made by him with the fraudulent purpose of obtaining possession of said goods without paying for the same, and that at that time defendant was wholly insolvent, and was fully aware of that fact, and knew, when he bought said goods, that he could not pay for the same as he agreed, and that defendant has never paid for said goods, and obtained the same from plaintiffs with the fraudulent purpose of not paying for the same, and of cheating and defrauding the plaintiffs out of said goods:" *Held,* that the declaration failed to show a cause of action arising out of a tort, so as to justify the issue of a *ca. sa.* against the body of the defendant.

6. SAME—*form of action, as determining the nature of the cause of action.* As the form of action adopted will not necessarily determine the nature of the cause of action,—whether it is for a tort or breach of contract,—the allegations of the declaration will be looked to for the purpose of ascertaining whether the acts complained of constitute a tort, within the meaning of the statute allowing the imprisonment of the defendant by the writ of *capias ad satisfaciendum.*

7. IMPRISONMENT—JUDGMENT DEBTOR—*of a second imprisonment for same cause.* Where a judgment debtor has been discharged from imprisonment on a *ca. sa.,* in due form, upon the ground that the process was issued in a case not involving a tort, he can not again be imprisoned on an *alias* writ issued in the same cause, and the issue of another writ of *ca. sa.* will not be compelled by *mandamus,* for the reason such a writ would be void if issued.

This was a petition for a *mandamus*, filed in this court by the relators, to compel the respondent to issue an *alias ca. sa.* against Elias Levee. The material facts appear in the opinion.

Messrs. Flower, Remy & Gregory, for the petitioners :

The purchase of goods on a credit, with a preconceived design not to pay for them, is an actionable fraud. *Lockwood* v. *Doane*, 107 Ill. 235; *Dow* v. *Sanburn*, 3 Allen, 181; *Johnson* v. *Monell*, 2 Keyes, 655; *Devoe* v. *Brandt*, 53 N. Y. 462; *Stewart* v. *Emerson*, 52 N. H. 301; *Starch Factory* v. *Lindrum*, 57 Iowa, 573.

When the proof shows that a man has bought goods upon a credit, with no reasonable expectation of paying for them, a jury may from it find that a fraudulent intent not to pay existed. *Talcott* v. *Henderson*, 31 Ohio St. 162; *Davis* v. *Stewart*, 8 Fed. Rep. 803; *Powell* v. *Bradlee*, 9 G. & J. 220.

It is thought that an *alias capias ad satisfaciendum* may issue. There seems to be no provision of the statute authorizing an *alias* execution, either against the person or property of a defendant. However, it would appear to be well settled that a plaintiff is entitled to such a writ, or to a *pluries*, against the body or lands or chattels. It is so laid down as to property. Freeman on Executions, sec. 48, *et seq.*

This practice is recognized by this court. *Bryan* v. *Smith*, 2 Scam. 47; *Lampsett* v. *Whitney*, id. 441; *Scammon* v. *Swartwout*, 35 Ill. 326.

The same principle applies to executions against the body, or writs of *capias ad satisfaciendum*. 2 Tidd's Pr. 1031; Freeman on Executions, sec. 457.

The exemption from a second arrest for the same cause is purely statutory. It was inserted in the English statute to prevent a re-arrest after a person had been discharged upon *habeas corpus*, and with no purpose of accomplishing what is now sought. *Attorney General* v. *Kwok-a-Ling*, 29 L. T. Rep. (N. S.) 114. See, also, Hurd on Habeas Corpus, 563.

Mr. RUFUS KING, for the respondent:

The action in which the judgment was rendered is not an action for tort, and the judgment is not a judgment for a tort committed by the defendant, within the meaning of section 5, chapter 77, of the Revised Statutes, and section 12, article 2, of the constitution of this State.

The judgment was by default, and it becomes important to examine the declaration, in order to determine whether the action was an action *ex contractu* or *ex delicto.* The proof, of course, could not have been broader than the declaration, and if it does not contain such charges of fraud "as can be made the ground of an action at law," then simply calling the action "trespass on the case," does not make the action one of tort, nor the judgment a judgment for a tort committed by the defendant.

It is not the form of the action, but the grievance charged and proved, that determines the character of the action. It is well settled, that whether an action is or is not for a tort, is determined by the substance,—not the form,—of the declaration, or the name the pleader may choose to apply. 1 Hilliard on Torts, 35; *McDuffie* v. *Beddoe,* 7 Hill, 578; *Weal* v. *King,* 12 East, 452; *Heirn* v. *McCaughan,* 32 Miss. 1; *Railroad Co.* v. *Hurst,* 36 id. 660.

As distinguished from the false representations of a fact, the false representations as to matter of intention, not amounting to a matter of fact, though it may have influenced a transaction, is not a fraud in law. Kerr on Fraud and Mistake, 88; Bigelow on Estoppel, 481; *Gallagher* v. *Brunell,* 6 Cow. 346; *Gage* v. *Lewis,* 68 Ill. 604.

The action being on a statute, and no affidavit as required by the statute, no *ca. sa.* was authorized. *In re Salisbury,* 16 Ill. 350; Rev. Stat. chap. 77, sec. 5.

The judgment debtor having been arrested under a *ca. sa.* issued upon the judgment, and duly discharged, on *habeas corpus,* by the circuit court, he can not be again arrested for

the same cause,—that is, upon the same judgment,—and an *alias capias ad satisfaciendum* can not issue.

No person who has been discharged, by order of the court or judge, on a *habeas corpus*, shall be again imprisoned, restrained or kept in custody for the same cause. Rev. Stat. chap. 65, sec. 26.

To avail of the exception of the statute, the pleader must bring himself within its terms. *Williamson* v. *Hogan*, 46 Ill. 504; *Railroad Co.* v. *Lavery*, 71 id. 522; *Hyman* v. *Bayne*, 83 id. 256; Gould's Pl. chap. 4, sec. 22; 1 Chitty's Pl. 246.

Where, in the order of discharge, there is no reason for the discharge assigned, nor any statement in it that the merits were investigated, it will be presumed that the court did examine the merits of the case. *Walker* v. *Martin*, 43 Ill. 509.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

A petition was filed in this court by Almon D. Ellis and another, for a *mandamus*, to compel the respondent, John J. Healy, clerk of the Superior Court of Cook county, to issue an *alias capias ad satisfaciendum* against the body of Elias Levee, upon a judgment in that court in favor of petitioners, against said Levee. It is shown that said judgment was recovered March 17, 1884, in an action of trespass on the case, for $374.70. May 16, 1884, the defendant, Levee, was arrested upon a *ca. sa.* issued on said judgment, and imprisoned until June 6, 1884, when he was discharged on a writ of *habeas corpus*. In August following, petitioners demanded of the clerk of said court that he issue an *alias ca. sa.* against the body of Levee, which he refused to do, and hence this petition.

The statute provides, that "no execution shall issue against the body of the defendant, except when the judgment shall have been obtained for a tort committed by such defendant, or unless the defendant shall have been held to bail upon a writ of *capias ad respondendum*, as provided by law, or he shall

refuse to surrender up his estate for the benefit of his creditors." Rev. Stat. chap. 77. sec. 5.

The respondent answered the petition, and to which a general demurrer was interposed. It will not be necessary here to set out in detail the petition and answer, but we will proceed to determine the case made thereby. The petition proceeds upon the basis that the judgment was recovered for a tort committed by the defendant. The answer, in effect, denies that the cause of action was for a tort, and sets up the discharge of the defendant, on *habeas corpus*, from arrest and imprisonment for the same cause for which the writ is now asked to be issued.

The first question presented is, was the cause of action on which the judgment was obtained, a tort committed by the defendant. It was by default, and we must therefore look to the allegations of the declaration, which is made an exhibit, rather than to the form of action adopted by the pleader, to ascertain the nature of the cause of action. 1 Hilliard on Torts, 35; *McDuffy* v. *Beddoe*, 7 Hill, 578; *Weal* v. *King*, 12 East, 452; *Railroad Co.* v. *Hurst*, 36 Miss. 660.

If one, by means of a false warranty, induces another to purchase, the purchaser may have his remedy upon the contract of warranty, or he may bring suit for the tort. (Cooley on Torts, 90.) So a recovery may be had for money embezzled, in an action *ex contractu*. It is apparent, therefore, that the form of the action will not necessarily determine the nature of the cause of action.

The declaration alleges, that on the first day of September, 1883, plaintiffs were possessed of certain goods, of the value of $1000, and that "the defendant, falsely and fraudulently, and for the purpose of inducing the plaintiffs to part with the possession of said goods, represented to the plaintiffs that he desired to purchase said goods of the plaintiffs on credit, and that he would pay for said goods their reasonable value, and thereupon the said plaintiffs, relying upon the said represen-

tations and promises of said defendant in that behalf, and believing the same to be true, sold and delivered the said goods and chattels to said defendant on credit; and said plaintiffs aver that said promises and representations of said defendant were utterly false at the time they were made, and were so known to the said defendant, and were made by said defendant with the fraudulent purpose of obtaining possession of said goods without paying for the same, and that at that time said defendant was wholly insolvent, and was fully aware of that fact, and knew, when he bought said goods, that he could not pay for the same as he agreed, and that said defendant has never paid for said goods, and obtained said goods from said plaintiffs with the fraudulent purpose of not paying for the same, and of cheating and defrauding said plaintiffs out of said goods."

In an action to recover for fraud and deceit, the plaintiff must allege the facts relied on as constituting the fraud, and where false representations are relied upon, it is essential that they relate to some material existing fact or facts, and not to the future intention of the defendant, which he may or may not perform. The only representation of an existing fact here alleged is, that the defendant desired to purchase the goods on credit, and as he did so purchase them, it can not be said that the representation in respect thereof was false. The declaration alleges that plaintiffs sold and delivered the goods to the defendant on credit, but it wholly fails to show that when the suit was brought, the time had expired when payment was to be made therefor. The representations of a purchaser of goods on credit, that he will pay the value of the articles purchased, is simply a promise to pay. Every purchaser on time, either expressly or impliedly, undertakes and promises to pay at the expiration of the credit, and a subsequent inability to discharge his obligation will not render the purchaser liable to an action for fraud or deceit.

The ground of liability, in this class of cases, that renders the defendant amenable to an action in tort, rests upon the affirmation of some existing fact which the party making it knows, or has good reason to know, to be false. In *Gallagher* v. *Brunell*, 6 Cow. 350, the court, in commenting on *Paisley* v. *Freeman*, 3 T. R. 513, say: "In that case the defendant encouraged the plaintiff to sell goods, and fraudulently affirmed that the purchaser was a person safely to be trusted. The *gravamen* was the false affirmation of an existing fact—not a promise to do a future act at the time not intended to be performed, and which, notwithstanding the intent, might or might not be performed." And after quoting BULLER, J., in the *Paisley case*, to the same effect, the court conclude: "It is evident what must be the species of fraud for which the law gives redress—falsehood as to an existing fact." In respect of the allegation of a promise to pay without any intention to perform, it is said in Kerr on Fraud and Mistake, 88: "As distinguished from the false representation of a fact, the false representation as to a matter of intention, though it may have influenced a transaction, is not a fraud in law." In *Gage* v. *Lewis*, 68 Ill. 604, after quoting the above from Kerr with approval, this court said: "It can not be said that these representations and promises were false when made, for until the proper time arrived, and the plaintiff refused to comply with them, it could not positively be known that they would not be performed. Even if, at the time they were made, it was not intended to comply with them, it was but an unexecuted intention, which has never been held, of itself, to constitute fraud. If they legally amount to anything, they constitute a contract." And in the same case it is said: "A promise to perform an act, though accompanied at the time with an intention not to perform, is not such a representation as can be made the ground of an action at law. The party should sue upon the promise."

In Massachusetts, under a statute making the debtor liable to imprisonment if "the debtor contracted the debt with an intention not to pay for the same," it was held that the charge that the debtor, "at the time when the debt was contracted, did not intend to pay the same," and that "he contracted said debt having no intention to pay the same, and having no expectation that it would be paid," was not sufficient, even after verdict. *Chamberlain* v. *Hoags*, 1 Gray, 172.

The allegation of the declaration is, that the defendant's promises and representations were made by him "with the fraudulent purpose of obtaining possession of said goods without paying for the same." It is not alleged that the defendant never intended to pay for them, and the pleadings and exhibits before us negative such an intention. The sale was in September, and amounted substantially to $1000, which, at the time of proving plaintiff's claim before the assignee of Levee, and also of the rendition of this judgment, was reduced to less than $375, and the assignment by Levee, in December following his contracting this indebtedness, showed assets to substantially seventy-five per cent of his entire liabilities. There is no allegation in the declaration that the defendant therein made any representation as to his solvency or financial ability, or that plaintiffs were not fully acquainted with the same. It is not enough, to maintain the action, that the defendant knew himself to be insolvent, and had no reasonable expectation of paying for the goods purchased.

In *Blow* v. *Gage*, 44 Ill. 208, the debtors made an assignment of their property for the benefit of creditors shortly before the arrival of the goods purchased, and the assignee took them when they arrived. In a suit to avoid the sale, this court said: "It has never been considered fraudulent for business houses to purchase on credit simply for the reason that they knew that they were unable at the time to pay their debts." See, to the same effect, *Biggs* v. *Barry*, 2 Curtis, 259; *Hodgeden* v. *Hubbard*, 18 Vt. 504; *Lloyd* v. *Brewster*, 4 Paige, 537; *Henneguin*

v. *Nailor*, 24 N. Y. 139; *Rodman* v. *Thalheimer*, 75 Pa. St. 232; *Merrill* v. *Blackmer*, 42 Conn. 324; *Talcott* v. *Henderson*, 31 Ohio St. 162; *Shipman* v. *Seymour*, 40 Mich. 274; *Kline* v. *Rector*, 57 Miss. 538; *Merrill* v. *Corbin*, 13 Bradw. 81; *Rowley* v. *Bigelow*, 12 Pick. 307.

It is true that the purchase of goods by one who at the time never intends to pay for them, is such a fraud as will entitle the vendor to rescind the sale, although there were no fraudulent representations or false pretenses. (Benjamin on Sales, sec. 439; *Farwell* v. *Hanchett*, 120 Ill. 573; *Ryan* v. *Brant*, 42 id. 78; *Bowen* v. *Schuler*, 41 id. 193.) But the petitioners did not seek to avoid the sale and recover back the possession of the goods sold, as in the cases last cited; and in order to hold a purchaser of goods liable, in an action on the case, for fraud and deceit, he must have been guilty of making false representations or practicing some artifice or deception; and where the alleged false representations are made the basis of the action, they must, as we have seen, relate to some past or existing fact.

We are of opinion that the allegations of the declaration were insufficient to enable plaintiffs therein to maintain an action for a tort. Their action should have been in assumpsit, for the price and value of the goods. It appears, therefore, that the plaintiffs' judgment is not for a tort committed by the defendant, within the meaning of the statute, and it follows that the petitioners have not now, and never had, upon that judgment, a right to an execution against the body of the defendant therein.

It appears from the answer of the respondent, which is admitted to be true by the demurrer, that a writ of *ca. sa.* was issued on said judgment May 16, 1884, in due form of law, upon which Levee was arrested and committed to the common jail of Cook county. Afterwards, and on June 6, 1884, he was discharged upon *habeas corpus*, by the Hon. JOHN G. ROGERS, then one of the judges of the circuit court of said county. The

answer to the petition in this case attaches the petition and order in such *habeas corpus* proceeding thereto, and makes it a part of the answer, and avers the truthfulness of the matters therein alleged and set forth.

Section 26, chapter 65, of the Revised Statutes, provides, that "no person who has been discharged, by order of the court or judge, on a *habeas corpus*, shall be again imprisoned, restrained or kept in custody for the same cause." This section also provides, that the following, among others, shall not be deemed to be the same cause: "(2) If, in any civil suit, the party has been discharged for any illegality in the judgment or process, and is afterwards imprisoned by legal process for the same offense;" and (3) "generally, whenever the discharge has been ordered on account of the non-observance of any of the forms required by law, the party may be a second time imprisoned, if the cause be legal, and the forms required by law observed." The answer expressly alleges that "the cause upon or for which the said petitioner has applied to this respondent, and requested him to issue an *alias capias ad satisfaciendum,* as alleged in their petition, is the same cause" upon which the said Levee was imprisoned, and from which he was discharged upon *habeas corpus,* as before mentioned. The only ground stated in the petition for *habeas corpus,* made an exhibit to and part of the answer of respondent herein, for the discharge of Levee, was, that the *capias* "issued in a case and under circumstances where the law does not allow process for imprisonment to issue; that he is imprisoned for the non-payment of a debt owing by him to Ellis & Putnam for merchandise purchased by him of them, and being for a balance on account of $374.70." It therefore affirmatively appears that the relators are seeking by this proceeding to obtain an *alias ca. sa.* to again imprison said Levee for "the same cause" as that on which he was before imprisoned, and from which he was discharged. It is not shown or pretended that the discharge was on account of any defect or illegality in the

judgment or process, or "on account of the non-observance of any of the forms required by law." If the discharge had been procured for any such reason, it was incumbent upon the petitioner to make the same appear. It follows, therefore, that the writ should be denied upon the ground, also, that said Levee can not be imprisoned a second time upon said judgment, and that the issue of the writ authorizing the same would be illegal, and, if issued, void.

The prayer of the petitioners will be denied.

*Writ denied.*