## Homan v. Fleming.

1. DAMAGES—*$1,500 Not Excessive.*—A grocer's delivery wagon was driven by a servant quite rapidly on the wrong side of the street, through a throng of people who had been stopped by a train of cars upon a track across the street, and who, when there came an opening in the train, were hurrying through, and in so doing were off the sidewalk and in the street, and the servant ran over and injured the plaintiff. *It was held,* that a judgment for $1,500 was not excessive.

2. VARIANCE — *Præcipe and Declaration.*—Where the *præcipe* is in trespass and the declaration is in case the discrepancy furnishes no ground for an arrest of judgment, either under Sec. 22, Ch. 110, R. S., entitled "Practice," or at common law.

Memorandum.—Appeal from the Circuit Court of Cook County; the Hon. SAMUEL P. McCONNELL, Judge, presiding. Heard in this court at the October term, 1893, and affirmed. Opinion filed February 1, 1894.

The statement of facts is contained in the opinion of the court.

HENRY S. GOLDSMITH and JAMES McCARTNEY, attorneys for appellant.

ALEXANDER SULLIVAN and EDWARD J. McARDLE, attorneys for appellee.

Homan v. Fleming.

Mr. Justice Gary delivered the opinion of the Court.

This is an action on the case for personal injury sustained by the appellee through the carelessness of a servant of appellant. That the servant of the appellant carelessly, and quite rapidly, drove a grocer's delivery wagon on the wrong side of the street, through a throng of people who had been stopped by a train of cars upon a track across the street, and who, when there had come an opening in the train, were hurrying through the opening, and in so doing were off the sidewalk and in the street, and that in so doing the servant ran over and injured the appellee, there is such evidence as justified the jury in finding a verdict for him. And there is also evidence from which the jury were justified in finding that the appellee can never fully recover from the injury; that through life his physical strength and activity will remain diminished.

Nothing in the case until after verdict was excepted to; then a variety of motions was made, but none of them deserve consideration, except that on the motion for a new trial, one ground alleged was that the damages were excessive.

The jury gave $1,900. The appellee remitted to $1,500 and judgment was entered for that amount. If the appellee is injured in any material degree for life — being between fifteen and sixteen years of age when hurt — it is difficult to say that the damages are excessive, even though such injury falls far short of what could be characterized as permanent disability.

After verdict the appellee filed an amended declaration which was followed by demurrer, plea and motion by the appellant. We dismiss all that matter with the remark that the original declaration was entirely sufficient, and that such proceedings are surplusage. It is true that the *præcipe* is in trespass, but the count is in case, and even before the statute — Sec. 22, Ch. 110, Practice — the discrepancy was no ground for arrest of judgment. Toledo, W. & W. Ry. v. McLaughlin, 63 Ill. 389.

The appellant has not deemed it necessary to abstract any portion of the proceedings in the court below, upon

which he assigns error, but only to index the twenty pages of the record containing them. We might well decline to look into them. Chicago & G. T. Ry. v. Coolie, 33 Ill. App. 17, has been followed in many cases.

There is no debatable question in the case except as to the amount of the damages, and it is not so clear that they are excessive as to justify our interference. The judgment is affirmed.