## William Lowry v. Charles Lynch, by Next Friend.

1. NEGLIGENCE—*A Question of Fact.*—Care and negligence are questions of fact for a jury.

2. SAME—*Adults and Infants.*—Acts which are not negligence toward an adult may be gross negligence toward a child.

**Memorandum.**—Action for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding. Submitted at the October term, 1894. Affirmed. Opinion filed January 10, 1895.

SAMUEL J. LUMBARD, attorney for appellant.

DANIEL V. SAMUELS, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

According to the version of the appellant, the driver of his milk wagon came out northward from an alley opening into Delaware Place, a street running east and west, between State street and Dearborn avenue, and because a wagon was

going east across the entrance to the alley, the driver of the milk wagon turned west on the south side of Delaware Place, and having proceeded on a slow trot about thirty feet, the appellee, who was playing with other boys, jumped backward between the wheels of the wagon, and the hind wheel ran over him.

The version of the appellee is that he was playing with other boys on the south side of Delaware Place, and having one foot on the curb stone and the other on the street, the wagon came along "pretty swift" and struck him. The appellee was then between nine and ten years of age. His leg was broken by the wagon, and he has recovered $300.

Whether the driver was negligent was a question for the jury, and upon it their verdict is final.

The appellant has cause to be satisfied with the result, that he has escaped a larger verdict.

Driving on the wrong side of the street is a circumstance that weighs against him. Lind v. Beck, 31 Ill. App. 430; Homan v. Fleming, 51 Ill. App. 572.

The most substantial complaint of the appellant is of an instruction " that what might not be negligence toward an adult, may be gross negligence as respects a child." Abstractly that is true. The case of Lynch v. Nurdin, 1 Ad. & El. N. S. 29, often cited by the Supreme Court, and always with approval, is founded upon that doctrine.

It is illustrated in Phil. & Read. R. R. v. Spearen, 47 Pa. St. 300, which is approved in Chi. W. D. Ry. v. Ryan, 131 Ill. 474.

And with reference to a boy of twelve years the Supreme Court in terms say: " Ordinary neglect as to a person of full age and capacity, might be gross neglect as to a child." Kerr v. Forgue, 54 Ill. 482.

Yet it is not prudent to ask such instructions. Care and negligence are questions of fact for a jury, and there is always some hazard in attempting to guide the jury in their solution, and usually the party injured has little need of aid from the court.

What the Supreme Court call the " pernicious practice "

of marking instructions "plaintiff's" or "defendant's," was still held not fatal, even where the mark was for the wrong party. Aneals v. People, 134-Ill. 401.

The judgment is affirmed.