## WILLIAM ALLETSON *v.* ELMER D. POWERS.

May Term, 1900.

Present : TAFT, C. J., ROWELL, TYLER, START, THOMPSON and WATSON, JJ.

Opinion filed September 19, 1900.

*Facts showing no cause of action*—That the grantee of real estate who assumed a mortgage upon it does not pay the interest, and the mortgage is foreclosed, are not facts which show the breach of a representation by the grantor that the mortgage could lie if the grantee paid the interest.

*Facts showing breach of contract only*—The failure of a grantor of mortgaged real estate to fulfil an agreement to pay the interest on the mortgage accrued at the time of the conveyance, is a breach of contract only, for which no recovery can be had in an action of tort.

CASE FOR DECEIT. Plea, the general issue. Trial by jury, Windham County, September Term, 1899, *Munson*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted.

*Waterman & Martin* for the plaintiff.

*Clarke C. Fitts* for the defendant.

START, J. The plaintiff, in exchanging farms with the defendant, relied upon a representation that a mortgage resting upon the defendant's farm, which was assumed by the plaintiff, could lie for ten years, if the plaintiff kept the interest paid ; the plaintiff did not pay the interest, and the mortgage was foreclosed. Without deciding whether an action will lie for a breach of such a representation, we hold that it does not appear that the foreclosure, by which the plaintiff was deprived of the property, was due to a breach of the representation, and that a verdict should have been ordered for the defendant.

The payment of the interest by the plaintiff was a condition precedent ; without such payment, the mortgage was not to lie. The plaintiff was under a duty to pay the interest before the re-

27

presentation could be of any avail to him.  He could not omit to do this and then be heard to say that he relied upon the representation and lost his farm in consequence of such reliance.  He omitted to do the act which was first to be done, and the very act which would make it possible for him to remain upon the farm, if the representation had been true.  Until the plaintiff paid the interest, the defendant was under no duty to make good his representation; and its falsity was a matter of conjecture and wholly immaterial.

In *Barry* v. *Wixon*, decided by the Supreme Court of Rhode Island, and reported in the 46th Atlantic Reporter, 42, the representation was, that the defendant had an agreement with the mortgagee by which the mortgage could run ninety-nine years, if desired, or so long as the interest on it was paid. The plaintiff did not tender the interest on the mortgage when it became due, and the court held that it did not appear that the mortgage sale by which the plaintiff was deprived of the property was due to a breach of the representation, and directed judgment for the defendant.

The failure of the defendant to pay the interest due upon the mortgage debt at the time of the exchange of farms was only a breach of contract; and for such breach, no recovery could be had in this form of action.  *People* v. *Healy*, 128 Ill. 9; *Dowe* v. *Morris*, 149 Mass. 188.

The view we have thus taken of the plaintiff's claimed right of action renders it unnecessary to consider the other exceptions reserved in the court below.

*Judgment reversed and cause remanded.*