## No. 9752.

## BAKER v. ALLEN.

1. EXECUTION—*Against the Body*, is allowed only where expressly demanded by the pleadings, and where malice, fraud, or wilful deceit is alleged as the ground of such demand.

Mere failure to pay a draft given for the purchase of live stock is not sufficient to establish an intent'not to perform a promise of payment given at the time of the purchase.

2. *Verdict—In the Alternative*, finding defendant guilty of *"fraud or wilful deceit"* is not sufficient to warrant execution against the body.

3. PRACTICE IN ERROR—*Judgment.* A judgment awarding execution against the body, such award not being warranted by the record, the court below was directed to amend in this respect, and thus amended the judgment was affirmed.

*Error to Denver District Court, Hon. Samuel W. Johnson, Judge.*

Mr. RALPH L. CARR, for plaintiff in error.

Mr. J. W. KELLEY, for defendant in error.

Mr. Justice Teller delivered the opinion of the court.

DEFENDANT in error brought suit against the plaintiff in error for damages, alleging in one cause of action that the defendant had, through an agent, pretended to purchase of plaintiff one hundred and five head of cows for $3,412.51, the purchase being made upon the promise that a sight draft on the defendant for the purchase price would be honored; that the cows were shipped to defendant, draft drawn, but not paid, and the cows thereafter sold in Denver, and the proceeds converted by the defendant to his own use.

The second cause of action charges that the defendant, at the stockyards in Denver, converted said cows to his own use to the damage of plaintiff in the sum of $3,412.51.

For a third cause of action, plaintiff alleges: "That all of the acts against the said property of the plaintiff were

done with and accompanied by fraud, malice, deceit and a wanton and reckless disregard of plaintiff's rights and feelings: wherefore plaintiff is entitled to exemplary damages in the sum of Three Thousand Dollars ($3,000.00), in addition to the actual damages herein set forth."

The prayer of the complaint is for $3,412.51 actual damages; for $3,000.00 exemplary damages; for costs; and general relief.

The case was tried by the plaintiff on the first cause of action, the testimony tending to show a purchase, through an agent of defendant, and defendant's promise, through said agent, to pay a draft on him for the purchase price. Defendant denied that he authorized the purchase, or promised to pay the draft; but admitted that the cattle had been sold for his account. He confessed judgment for the purchase price, less $200.00, paid by him to plaintiff. The sale was made by a commission company, and the proceeds, less said $200.00, applied in cancellation of a debt owing to it by the defendant. After the jury had been instructed, defendant's attorney found that the verdict prepared by the clerk contained the following: "We further find the defendant guilty of malice, fraud or wilful deceit in committing the tort complained of." He objected to the submission of that question to the jury, but the objection was overruled. The jury returned a verdict in favor of the plaintiff for $3,212.51 damages; $500.00 exemplary damages, and the following: "We further find the defendant guilty of fraud or wilful deceit in committing the tort complained of." The court instructed the jury that in case they found that the acts complained of were accompanied by malice, fraud or insult, or with a wanton and reckless disregard of plaintiff's rights and feelings, they might assess exemplary damages. There was no instruction, however, as to a finding to serve as a basis for an execution against the body of defendant. Nor should there have been one. Plaintiff tendered no issue of that kind. He alleged, in the language of the statute, that the acts of which he complained, were accompanied with fraud, etc., as a reason

for demanding exemplary damages. The plaintiff in error, now insists, as he did in his motion for a new trial, that so much of the judgment as awards an execution against the body of the defendant, should be stricken out. We are of the opinion that he is right. Neither the complaint nor the evidence justified a finding upon which a body judgment could be entered. The nearest approach to an allegation of fraud is that "defendant wrongfully pretended to buy" the cattle, by "having an agent promise and agree to pay," etc. and "promised and agreed to honor a sight draft," etc. and "wrongfully refused to pay or honor the draft." The evidence for the plaintiff disclosed no fraudulent intent on the part of defendant, if the purchase was, in fact, made by his agent. The sale was made, not upon a false statement as to a fact, but upon a *promise* to pay. This is not a misrepresentation in law. Defendant, if he so promised, was guilty only of a breach of contract when he failed to pay. There is nothing in the evidence to show an intent, when the promise was made, not to perform it. In the absence of proof of such an intent, it must be held that the title passed, and there was no conversion, and hence no tort.

In *People v. Healy,* 128 Ill. 9, 20 N. E. 692, 15 Am. St. 90, where the right to a body judgment was claimed, the court said: "The ground of liability, in this class of cases, that renders the defendant amenable to an action in tort, rests upon the affirmation of some existing fact which the party making it knows, or has good reason to know, to be false. * * * 'A promise to perform an act, though accompanied at the time with an intention not to perform, is not such a representation as can be made the ground of an action at law. The party should sue upon the promise.' "

Under the pleadings and the evidence, the form of the verdict submitted was wrong.

The verdict itself, on this point, is bad, as the finding is in the disjunctive. It is impossible to say whether defendant was found guilty of fraud, or wilful deceit, or whether some of the jurors found him guilty of one and others of the other offense. *Jewell v. Railway Co.,* 54 Wis. 610, 12 N. W. 83, 41 Am. Rep. 63.

The cause is, therefore, remanded to the District Court with directions to amend the judgment by striking out so much thereof as provides for an execution against the body of the defendant, and as so amended it will stand affirmed.

Chief Justice Garrigues and Mr. Justice Burke concur.