In re Frank C. Paar.
Frank C. Paar, Appellant, v. Adolph Carlson and
Emelia Carlson, Appellees.

Gen. No. 35,567.

Opinion
filed January 25, 1932.    Rehearing denied February 8, 1932.

HENRY ROTH, for appellant.

CHARLES P. MOLTHROP, for appellees.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

By this appeal Frank C. Paar seeks to reverse a judgment of the county court of Cook county denying the prayer of his petition filed under the Insolvent Debtors' Act, Cahill's St. ch. 72, ¶ 4 *et seq.*, and remanding him to the custody of the sheriff.

The record discloses that on September 25, 1930, Adolph Carlson and Emelia Carlson obtained a judgment, in an *ex parte* hearing, on the verdict of a jury in the superior court of Cook county against the defendant in the sum of $11,200; that afterwards a *capias ad satisfaciendum* was issued by the clerk of the superior court of Cook county on the judgment, and the defendant Paar taken into custody. Thereafter he filed his petition in the county court praying that he be discharged under the law relating to insolvent debtors. On the hearing before the county court the declaration filed in the superior court and other proceedings in that court were introduced in evidence. The court held that malice was the gist of each of the three counts of the declaration and accordingly ordered and adjudged that Paar be remanded to the custody of the sheriff.

Each of the three counts alleged in substance that the Carlsons, in exchanging certain real estate they owned for certain real estate owned by the defendant, Paar, were fraudulently deceived by Paar as to the annual rental of the property he was to convey to them; that he fraudulently represented that the rental received from the property was $17,400, when in fact

it was $1,500 less; that he knew such representations were false; that the Carlsons believed the representations and acted upon them; that the exchange was made and that the property received by the Carlsons from Paar was $25,000 less in value than it would have been if the rents were as represented by him.

No contention is made in this court by Paar that legal malice was not alleged in each of the three counts, but it is argued that the Carlsons, by bringing an action of assumpsit, waived the tort. We think this contention cannot be sustained. The form of the action is immaterial. *Barney v. Chapman,* 21 Fed. 903; *People v. Healy,* 128 Ill. 9; *Kerwin v. Balhatchett,* 147 Ill. App. 561; *Corwin v. Tillman,* 255 Ill. App. 230.

In the *Barney* case, decided by the circuit court of the United States for the northern district of Illinois, it was held where a plaintiff waived the tort and brought an action in form *ex contractu* to recover money wrongfully converted by the defendant to his own use, that a body execution might be issued under the statute of this State. The court there quotes sec. 5, chap. 77, of our statute, which is the same statute involved in the instant case (Cahill's St. ch. 77, ¶ 5) and which provides, "No execution shall issue against the body of the defendant, except when the judgment shall have been obtained for a tort committed by such defendant," etc. In that case a motion was made to quash a body execution issued on a judgment and the motion was denied. The court said the substance of the declaration was that the defendant was an agent of an express company and as such agent a package containing $14,000 came into his hands to be delivered to another company; that instead of doing so, the defendant converted the money to his own use. The court said (p. 904): "While the action is in form *ex contractu,* the *gravamen* and gist of the action is a tort clearly set out by the averments in the declara-

tion, and the only question is whether the plaintiff has waived the right of proceeding in the first instance against the body of the defendant by having brought this action in form *ex contractu*. . . . the allegation of a promise to pay by the defendant is a pure fiction; the right of action arises from the tort stated, and not from the promise averred." The court then quoted that part of the section which we have above set forth, and said: "It (the statute) does not say the plaintiff must necessarily pursue the form of an *ex delicto* action in order to entitle him to an execution against the body of the defendant, if it appears on the record, and has been adjudged against him, that the real right of action was for a tort committed by the defendant."

In the *Healy* case (128 Ill. 9), it was sought by mandamus to compel the clerk of the superior court of Cook county to issue a body execution on a judgment against the judgment debtor. The court referred to sec. 5, chap. 77, above quoted, and said that the petition for a writ of mandamus was predicated upon the basis that the judgment recovered was for the tort committed by the defendant. The court said that whether a tort had been committed by the defendant must be determined by an examination of the allegations of the declaration "rather than to the form of action adopted by the pleader, to ascertain the nature of the cause of action. . . . So a recovery may be had for money embezzled, in an action *ex contractu*. It is apparent, therefore, that the form of the action will not necessarily determine the nature of the cause of action."

In the *Kerwin* case (147 Ill. App. 561), it was said that in an appropriate action of assumpsit upon a proper showing of fraud, a *capias* might issue on the judgment. That was an action of trover and the verdict and judgment were in plaintiff's favor and the defendant appealed. The court held the declaration would not support a judgment in trover and on page

567 said: "If there was actual fraud in the contracting of the debt, and such fraud is established by the proofs in an assumpsit action, it does not follow that plaintiff would not be entitled to the writ of *capias ad satisfaciendum* to enforce such a judgment."

In the *Corwin* case (255 Ill. App. 230), a *capias ad satisfaciendum* was issued on a decree rendered by the superior court of Cook county decreeing that the defendant return some $5,000 to the complainant. In that case one of the errors assigned for reversal was the refusal of the chancellor to quash the *capias,* the contention being that "no writ can be issued upon a chancery decree for money." In denying this contention the court said (p. 237): "The first contention is predicated upon the claim that malice is not the gist of the action as is required to authorize such a writ upon a common law judgment. In the case of *Whalen v. Billings,* 104 Ill. App. 281, there was involved consideration of the power to award such writ under a decree in chancery wherein were findings that certain property was obtained upon false and fraudulent representations, and it was held that it was an appropriate writ under our statute." (Citing sec. 5, chap. 77, Cahill's Rev. St.) The court then referred to Freeman on Executions, "to the effect that where a decree is for the payment of money, and a statute gives authority to issue writs appropriate for its enforcement, satisfaction of such a decree may be sought by '*capias ad satisfaciendum,* in any case where such writ would be proper, had the recovery been in law instead of equity.'" The Supreme Court denied certiorari. *Corwin v. Tillman,* 256 Ill. App. xxxvii.

From the foregoing authorities, we think that whether the proceeding is in law or in chancery, the form is immaterial in determining whether a *capias* will issue on a judgment or decree. The question of whether malice is the gist of such a proceeding is of no

importance so far as the right to have the writ issue is concerned. That question is important only where the defendant applies for his discharge under the Insolvent Debtors' Law. *Reinwald v. McGregor*, 239 Ill. App. 240; *People v. Walker*, 286 Ill. 541.

While it is not important so far as the decision of this case is concerned, yet we think that although the praecipe summons and the beginning of the declaration filed in the superior court were entitled as in an action of assumpsit, the substance of each count of the declaration is in trespass on the case, and this would make the declaration one in case. *Toledo, W. & W. Ry. Co. v. McLaughlin*, 63 Ill. 389.

While the defendant does not contend in this court that the gist of the action, as alleged in each count of the declaration, was not malice except on the theory that the tort was waived by bringing an action of assumpsit, and which contention we have held untenable, yet we are of the opinion that malice is the gist of each count of the declaration. It alleges the fraud and deceit of the defendant in the exchange of the properties.

Section 2 of the Insolvent Debtors' Act, Cahill's St. ch. 72, ¶ 5, provides that "When any person is arrested or imprisoned upon any process issued . . . in any civil action when malice is not the gist of the action, . . . such person may be released . . . upon complying with the provisions of this Act." The term "malice" as used in the statute, "is not to be considered in the sense of hatred or ill-will but of *malus animus* and as denoting that the party is actuated by improper or dishonest motives." *Kitson v. Farwell*, 132 Ill. 327. Malice is the gist of the action of fraud and deceit. *Jernberg v. Mix*, 199 Ill. 254; *Scanlon v. Whalen*, 249 Ill. App. 19. Under the law, on a petition by a judgment debtor for his release from custody under a petition filed in the county court pursuant to the Insolvent Debtors' Act, in construing a declara-

tion to determine whether it states a cause of action of which malice is the gist, it must be taken most strongly against the pleader. *Scanlon v. Whalen, supra; People v. LaMothe,* 331 Ill. 351. Yet giving this rule full force and effect, we are of the opinion that malice was the gist of each count of the declaration and therefore the judgment of the county court of Cook county is affirmed.

*Judgment affirmed.*

McSURELY and MATCHETT, JJ., concur.