No. 15,051.

HALL *v*. GRATTAN.
(146 P. [2d] 348)

Decided February 14, 1944.

Mr. A. B. MANNING, Mr. HENLEY A. CALVERT, for plaintiff in error.

Messrs. LEE, DOUD & GRIFFITH, Mr. DAVID GRIFFITH, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE YOUNG delivered the opinion of the court.

THIS is an action in tort for damages sustained by plaintiff Grattan, as he asserts, by reason of the alleged false and fraudulent representations of plaintiff in error whereby he was persuaded to part with valuable property. A trial resulted in a verdict for plaintiff with a jury finding, that in committing the tort plaintiff in error "was guilty of fraud or wilful deceit." A judgment entered in favor of Grattan was duly presented to us for review by plaintiff in error and affirmed without written opinion; subsequently, a petition for rehearing was granted upon the sole question of whether, under the pleadings and verdict, the law authorizes a body judgment." Briefs were duly filed by the respective parties, and after considering these and re-examining the record, we are convinced that our former decision was correct.

■ Section 74, chapter 93, '35 C.S.A. (in effect at the time of the institution of this action), so far as pertinent, provided: "In any civil action pending or hereafter begun in any court of record or before any justice of the peace, where it shall appear from the summons and other papers in the cause, that the action is founded upon tort, and upon trial of the said cause the finding shall be in favor of the plaintiff or plaintiffs, and the verdict of the jury or the finding of the court, if tried without a jury, shall state that in committing the tort complained of, the defendant or any one or more of the defendants if there be more than one, was or were guilty of either malice, fraud, wilful deceit or negligence consisting of a reckless or wilful disregard of the rights or safety of others, then, and in any such case, the plaintiff may have execution as hereinafter provided against the body of any defendant against whom such finding was had or any judgment rendered on any finding as aforesaid; * * *"

The pleadings clearly disclose that the action is one at law for damages for a tort, the tort being the obtaining of plaintiff's money and property by false and fraud-

ulent representations, the falsity and fraudulent nature of which the complaint charges were wickedly and corruptly concealed from plaintiff. The allegations in the complaint are amply supported by the evidence. The jury returned a verdict for plaintiff. Without finding defendant guilty of fraud under the court's instructions, a verdict for plaintiff would not have been warranted. Furthermore, as before mentioned, the jury expressly found that in committing the tort of wrongfully obtaining plaintiff's money and property the defendant was guilty of fraud or wilful deceit. The three statutory prerequisities authorizing the issuance of a body execution, are all presented by this record, namely: (1) An action in which it appears from the summons and other papers in the case that it was founded on tort; (2) a finding in favor of plaintiff, and (3) a finding that in committing the tort the defendant was guilty of fraud or wilful deceit. There is no merit in the contention of plaintiff in error that the case is not a proper one for the awarding of a body execution.

■ The second proposition discussed by plaintiff in error, relates to the court's Instruction No. 8. He contends that this instruction is contrary to the law as announced by the court in *Baker v. Allen,* 68 Colo. 59, 189 Pac. 4, in that the finding of the jury is here, as there, in the disjunctive—guilty of fraud *or* wilful deceit. In that case the judgment was reversed on the ground that the action was not founded on tort, was not the kind of case in which a body execution could be authorized, and that an instruction of any kind on the subject of a body execution was improper. That was the basis of defendant's objection to the giving of an instruction relating to a body execution in that case. Here defendant made a similar objection, but the trial court held that the instant case is founded on a tort, and we approve that holding. Also it is to be noted that nowhere in the record, either by objection to the form of the instruction, in the motion for a new trial, or even

in the specification of points for reversal did plaintiff in error challenge the form of the submission of the question. Not having acted in apt time to permit the trial court to rule upon the specific point which he here urges for the first time by argument in his brief, plaintiff in error cannot now avail himself of it.

Judgment affirmed.