# JOHN S. WALLACE

*v.*

# EDWARD WREN.

1. NEW TRIAL — *conflict of evidence.* Where the testimony of witnesses is conflicting, the Supreme Court will not disturb the verdict, although there be a clear preponderance of evidence in favor of the unsuccessful party. It is for the jury to decide upon the credibility of conflicting witnesses.

2. EVIDENCE — *relevancy.* In an action for breach of warranty of the soundness of a horse, for the purpose of showing the horse had the glanders, it appearing that the disease was contagious, it was held proper to allow the plaintiff to prove that a mule which had worked with the horse, took the disease, of which he died.

3. INSTRUCTIONS — *must be relevant.* In such action it would be improper for the court to instruct the jury what would constitute a fraud in the sale of a horse. In an action for a breach of warranty the jury has nothing to do with the question of fraud.

4. MEASURE OF DAMAGES — *on breach of warranty in the exchange of personalty.* In an action for a breach of warranty of the soundness of a horse which the plaintiff obtained in exchange for another horse, the measure of damages is the difference between the value of the horse in his unsound condition, and his value if sound.

Wallace v. Wren.

5. SAME — *on breach of warranty on a sale of personalty.* Had the plaintiff purchased the horse at a fixed price and paid the cash for him, the measure of damages would have been the difference between the price paid and the value of the horse.

APPEAL from the Superior Court of Chicago.

This was an action originally commenced before a justice of the peace, in Chicago, by Edward Wren against John S. Wallace, for an alleged breach of warranty of the soundness of a horse. A trial before the justice resulted in a judgment in favor of Wren, the plaintiff, from which Wallace took an appeal to the Superior Court of Chicago. Upon the trial in that court it appeared that a son of Wren exchanged horses with an agent of Wallace. On the question of warranty, the party making the trade on the part of the plaintiff, testified positively that the horse which he obtained in the exchange was warranted by the agent of Wallace to be sound. The latter testified, on the contrary, that he made no such warranty, but simply stated that the horse was sound so far as he knew. The testimony in regard to the unsoundness of the horse was conflicting, but preponderated in favor of the plaintiff, tending to show that the horse had the glanders, which, it was proven, was a contagious disease. The plaintiff was permitted to prove, against the objection of the defendant, that a mule which was being worked with the diseased horse took the disease, of which it died.

The court below laid down the rule in regard to the measure of damages, in the following instructions, asked by the plaintiff:

"If, at the time the trade was made, the defendant, or the agent of the defendant, acting by the authority of the defendant, warranted the horse that the plaintiff got to be sound, when the horse was unsound at the time of such warranty, then the plaintiff is entitled to recover, and the measure of damages should be the difference between the value of the horse as he then was, and what his value would have been if he had been sound.

To the giving of this instruction the defendant excepted.

The court, at the request of the defendant, gave to the jury the following instructions, numbered 1, 2, and 3:

1. That on the sale of an article of personal property, no action can be maintained for any difference in quality between the thing contracted for and the thing delivered, unless there be an express warranty made by the seller, or there be fraud on his part. That without an express warranty by the seller, or fraud on his part, the buyer must stand all losses.

2. That in order to constitute a warranty, there must be an affirmation as to the quality or condition of the thing sold (not asserted as a matter of opinion or belief) made by the seller at the time of the sale, for the purpose of assuring the buyer of the truth of the fact affirmed, and inducing him to make the purchase, which is so received and relied on by the purchaser, and that the purchase-money was paid for the undertaking of the seller, that the article sold was of a particular quality.

3. That if the seller of an article of personal property represents what he himself believes as to the qualities or value of an article, and leaves the determination to the judgment of the buyer, there is no fraud or warranty in the case, and the seller would not be liable for any defect in the quality of the thing sold.

But refused to give the following, numbered 4, 5 and 6, asked by the defendant:

4. That if a representation be honestly made, and believed at the time to be true by the party making it, though not true in point of fact, this does not amount to fraud in law, and the representation does not afford ground of action.

5. That a bare affirmation of soundness of a horse, which is there exposed to the purchaser's inspection, is not of itself a warranty.

6. A bare false affirmation of the quality of the thing sold, does not amount to a fraud.

A knowledge of the falsehood or the representation must rest with the party making it; and he must use some means to deceive, to make it a fraud.

The defendant excepted to the ruling of the court in refusing these instructions. The jury returned a verdict for the plaintiff for one hundred dollars. A motion for a new trial being overruled, a judgment was entered in pursuance of the verdict of the jury.

The defendant thereupon took this appeal, and now assigns for error.

*First,* that the court below did not lay down the correct rule as to the measure of damages.

*Second,* that the plaintiff was improperly allowed to prove that the mule which was worked with the horse became diseased and died.

*Third,* that the instructions numbered 4, 5 and 6, asked by the defendant, laying down the rule as to what constitutes a fraud in the sale of a horse, should have been given, and

*Fourth,* that the verdict of the jury was contrary to the evidence.

Messrs. MATHER & TAFT, for the appellant.

1. The measure of damages in an action on a breach of warranty on the sale of personal property, is *the difference between the price paid and the actual value of the property at the time and place of delivery, with all its defects and vices. Crabtree* v. *Kile et al.,* 21 Ill. 180.

2. The court should have given the fourth instruction, as asked by the defendant. 2 Kent's Com. 657, note; *Ormrod* v. *Huth,* 14 M. & W. 651; *Foley* v. *Cowgill,* 5 Black. R. 18; *Sims* v. *Klein,* Breese R. 302; *Dunbar* v. *Bonesteel,* 3 Scam. R. 32; *Miller* v. *Howell,* 1 Scam. R. 449; *Craig* v. *Blow,* 3 Stewart's R. 448; *Van Arsdale* v. *Howard,* 5 Ala. (Judge's) R. 596. This instruction was proper in this case, as the suit was commenced before a justice of the peace, where there is no distinction in actions, and testimony was given tending to show fraud as well as warranty.

3. The court should also have given the fifth and sixth instructions asked by defendant. 2 Kent's Com. 658.

Mr. S. MARBLE, for the appellee, insisted that the court below laid down the correct rule in regard to the measure of damages, and cited Sedgwick on the Measure of Damages, 290; *Clare* v. *Maynard*, 7 Carr. & Payne, 741; *Voorheers et al.* v. *Earl et al.*, 2 Hill (N. Y.), 288; *Cary* v. *Gruman*, 4 Hill (N. Y.), 625; Greenleaf on Evidence, vol. 2, § 260; 4 Kernan (N. Y.), 597; 28 Barb. 462; 29 Maine, 287; 4 Gray (Mass.), 156; *Woodworth* v. *Woodburn et al.*, 20 Ill. 184. The evidence in reference to the mule becoming affected with glanders was proper, as tending to show the horse with which it worked had that disease.

Mr. CHIEF JUSTICE CATON. delivered the opinion of the Court:

This was an action for a breach of warranty of a horse. As to the fact of a warranty the testimony is conflicting; one witness swearing positively to a warranty, and another swearing just as positively that there was no warranty. So, too, upon the question of unsoundness, the testimony is conflicting, though, we think, the clear preponderance of the evidence is in favor of the plaintiff, on this point. In this state of the evidence we cannot disturb the verdict. It was for the jury to determine as to the credibility of the conflicting witnesses. For the purpose of showing that the horse had the glanders, the court permitted the plaintiff to show that a mule which worked with the horse took that disease, of which he died. We see no error in this. There was proof that glanders is contagious, and if that be so, then the proof was undoubtedly pertinent and proper.

The court properly refused to instruct the jury as to what would constitute a fraud in the sale of a horse. The action was on a warranty, and the jury had nothing to do with the question of fraud. The plaintiff could not have recovered for a fraud. Of that the justice had no jurisdiction.

The only remaining question is upon the rule laid down by the court for the measure of damages. The court told the jury that the measure of damages was the difference between the value of the horse as he was, and his value if sound. This, it

is said, was in conflict with what we said in *Crabtree* v. *Kile*, 21 Ill. 180. There, the cattle were paid for in cash, at a fixed price, and it is said that in such a case the measure of damages is the difference between the price paid and the value of the cattle. If that be the correct rule in such a case, it is not applicable to a case like this, where no fixed price was paid for the horse, but another horse was given in exchange for him. That reduces the question at once to one of estimated value, and it is as feasible to estimate the value of the one horse as the other, and the rule laid down by the court in this case would seem to be the most just, and most consistent with principle in all cases; for then it gives each party the benefit of his bargain.

Had the plaintiff purchased the horse at a fixed price and paid for him in cash, if he got him at a low price he was entitled to the benefit of his bargain, which he would lose if he only recovered the price actually paid, and if he paid a high price for him, the defendant was, on the other hand, entitled to the benefit of his bargain, which he would lose if compelled to pay the full amount of the money received. Justice would seem to require that the defendant should only be required to make good his warranty, which he does by making the horse as good as he warranted him to be; and so, too, the plaintiff is entitled to as good a horse as he bargained for, or the value of such a horse. At any rate, in a case like this where no fixed price was paid, the plaintiff is entitled to the pay for such a horse as this was warranted to be.

The judgment is affirmed.

*Judgment affirmed.*