Alvah D. Drew

*v.*

Leonard W. Beall.

1. Bill of exceptions—*instructions.* When the bill of exceptions does not contain any instructions or any ruling of the court thereon, nor exception to any such ruling, this court can not take notice of any. The fact that the clerk has copied into the transcript the instructions given and refused and exceptions, does not make them a part of the record. This can be done only by incorporating them into the bill of exceptions.

2. New trial—*exception.* The overruling of a motion for a new trial can not be assigned for error when the bill of exceptions fails to show an exception taken to the ruling of the court.

3. Evidence—*cross-examination.* The plaintiff, as a witness in his own behalf, was asked the value of certain land. He had already shown that he was competent to give an opinion of the value of the land. The defendant asked leave to cross-examine him as to his means of knowledge before answering the question, which the court refused: *Held,* no error.

4. Evidence—*to show fraud in sale.* In an action to recover damages for fraud and deceit in the sale or exchange of land—consisting of false representations as to the nature, quality, and value of the land sold—a witness was asked whether defendant told him a certain other person had shown him the land: *Held,* that the question was clearly proper. Whether defendant had seen the land or not, had a material bearing on the question of fraud.

5. Hearsay evidence. The defendant in a suit brought to recover damages on the ground of false and fraudulent representations made by him in effecting a sale of Missouri lands to plaintiff, produced a witness who had entered the land and had sold the same to one H, and asked the witness, "What did H say to you in connection with the buying?" *Held,* that an objection to the question was properly sustained as calling for mere hearsay testimony.

6. Evidence—*on question of fraud.* In the same case the defendant testified that he bought the land of one H, and was then asked, "How much did H tell you was prairie and how much timber, at the time you purchased of him?" The court sustained plaintiff's objection to the question. It appeared that this took place about eleven years before the sale to plaintiff, and defendant's representations as to the character and quality of the land from personal knowledge acquired about three years before the sale: *Held,* that while the statements of H to defendant might not have been altogether irrelevant as affecting defendant's honest belief of the condition and quality

of the land sold to plaintiff, and, therefore, admissible, yet its weight as evidence was so light, in view of the other facts, that its rejection could not be looked upon as a substantial error.

7. FRAUD—*in exchange of property*—*measure of damages.* Where the plaintiff was induced by fraudulent representations of defendant as to the condition of certain Missouri land, which proved to be untrue, to give in exchange a house and lot for the land and $800 in money, and deeds were made each to the other for the property exchanged, it was *held* the plaintiff was entitled, under the contract, to have such a tract of land as it was represented to be; and if he did not get it, the measure of damages was the difference between the actual value of the land and the value of the same if it had been such as it was represented.

8. SAME—*evidence.* After an exchange of a house and lot by plaintiff with defendant for a tract of Missouri land and $800, effected by fraudulent representations of defendant as to the condition, quality, and value of the Missouri land, the defendant, when sued in an action on the case for the fraud and deceit, offered to prove the value of the house and lot he received of plaintiff as affecting the question of damages, which the court refused to allow: *Held,* that the proof was properly rejected, as the plaintiff was entitled to the benefit of his bargain; and it was not for the jury to make a new contract for the parties or fix a new price on plaintiff's property for the parties.

APPEAL from the Circuit Court of Lee County; the Hon. WILLIAM W. HEATON, Judge, presiding.

The opinion of the court contains a sufficient statement of the case.

Messrs. EUSTACE, BARGE & DIXON, for the appellant.

Mr. JAMES K. EDSALL, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action on the case brought by Beall against Drew in the Lee circuit court to recover damages for the deceit and fraud alleged to have been practiced by the latter upon the former, in the sale and exchange of certain real estate, whereby Beall sold and conveyed a house and lot in Dixon he owned, for eighty acres of land in Mason County, Missouri, belonging to Drew, and the sum of $800; the fraud

charged consisting in alleged fraudulent representations in regard to the Missouri land.

One error assigned is in the giving and refusing of instructions.

The bill of exceptions does not contain any instructions, nor show any ruling of the court thereon, nor exception to any such ruling. Consequently, no instructions appear in the record, and we can not take notice of any. The clerk has copied into the transcript made by him instructions, as given and refused, and exceptions to giving and refusing them ; but that does not show that they are a part of the record. They can only become such by being incorporated into the record by means of a bill of exceptions, as repeatedly ruled by this court. *Saunders* v. *McCollins,* 4 Scam. 419 ; *Corey* v. *Russell,* 3 Gilm. 367 ; *Petty* v. *Scott,* 5 id. 209 ; *Magher* v. *Howe,* 12 Ill. 379 ; *Moss* v. *Flint,* 13 id. 571 ; *Smith* v. *Wilson,* 26 id. 186 ; *Ballance* v. *Leonard,* 37 id. 43 ; *Gill* v. *People,* 42 id. 321 ; *Hartford Fire Ins. Co.* v. *Vanduzer,* 49 id. 491.

This disposes, too, of the error assigned in overruling defendant's motion for a new trial.

Objections are taken to various rulings of the court upon the trial, which will be considered.

The plaintiff, on his direct examination, was asked his opinion as to the value of the Missouri land in the fall of 1869. The defendant asked leave to cross-examine him as to his means of knowledge before his answering the question, which the court refused to allow. The witness had already disclosed enough by his testimony to show that he was competent to give an opinion as to the value of the land, and the defendant in such a case was properly denied the privilege to cross-examine the witness as to his means of knowledge, until his examination in chief had been concluded.

In the examination of the witness Kneinin, he was asked by plaintiff's counsel, whether defendant told him Gray had shown him the land ; objection was made to the question by defendant's counsel, which was overruled by the court and

excepted to, and the witness replied, "He said that Gray said it was worth $18 per acre."

No motion was made to exclude the answer, and whatever may be said as to the answer, the question propounded to the witness was clearly proper—as whether the defendant had seen the land or not, had a material bearing upon the question of fraud.

Evidence of what Hayes, who had bought the land of the witness Scott, said to the witness, in connection with the buying, was properly rejected, as being mere hearsay testimony.

The defendant, on his examination, had testified that he bought the land of John D. Heaton, and was thereupon asked, "How much did Heaton tell you was prairie and how much timber, at the time you purchased of him?" The question was objected to, and the objection sustained, and exception taken.

Drew made his representations from his personal knowledge of the land; he had visited it in 1866. The statements were in regard to the condition and quality of the land at the time of the sale and exchange in 1869. Whatever timber had ever been upon the land, seems, at that time, to have been mostly cut off. What Heaton told the defendant at the time he sold him the land, eleven years before, might not have been altogether irrelevant, as affecting the question of the defendant's honest belief of the condition and quality of the land at the time he sold to Beall, and might properly have been admitted; but the weight to which it was entitled as evidence in this respect was so light, in view of the other testimony in the case, that its rejection can not be looked upon as a substantial error.

The court rejected evidence of the value of the house and lot in Dixon.

It is insisted this was admissible as affecting the question of damages; that the jury had a right to believe, from the evidence, that the contract was, that Beall agreed to sell his house and lot for $800, and this Missouri land represented to

be of a certain character; that he conveyed the house and lot, and received the $800 and the deed of the land.

Then if it appeared that Beall had been fraudulently deceived as to the land, his damages would be the value of his house and lot, less the $800, and less the actual value of the land; that this would restore the plaintiff to the condition he was in before the bargain was made, and be all he was entitled to receive as damages.

According to this rule, had the proof been, that the Dixon property was worth no more than $800, as the plaintiff had received that sum in the trade, he would not be entitled to recover any damages, however great the difference between the value of the land as it was, and what it would have been if as represented to be. The parties had, by their agreement, fixed an estimate and value upon the property which each sold and transferred to the other, and it was not for the jury to make a new contract for them, or fix a new price upon the plaintiff's property for them.

The plaintiff was entitled to the benefit of his bargain.

The defendant had received the consideration agreed to be paid by the plaintiff, and the latter was entitled to have such a tract of land as this was represented to be, and if he has not got it, his damages, by reason of not getting it; and the proper measure of damages, we think, is the difference between the actual value of the land, and the value of such a piece of land as this was represented to be by the defendant.

Such is the measure of damages in an action for breach of a warranty on a sale of personal property. *Wallace* v. *Wren*, 32 Ill. 146; *Woodworth* v. *Woodburn*, 20 id. 184. And it is the same in an action for a deceit in a sale. *Stiles* v. *White et al.* 11 Metc. 356. And the same rule seems to obtain upon the sale of real estate where the action is for deceit in relation to its quality or condition. *Whitney* v. *Allaire*, 1 Comst. 305.

We think, then, an inquiry into the value of the Dixon house and lot was not properly involved, and that the court rightly rejected evidence in regard to it.

Perceiving no error in the record, the judgment of the court below must be affirmed.

*Judgment affirmed.*