Antle v. Sexton.

## NATHAN C. ANTLE ET AL.

## v.

## WILLIAM C. SEXTON ET AL.

32  437
137s 410
32  437
51  649

*Deceit—Woodland—Sale of—Written Contract—Fraudulent Representations—Damages.*

1. An action may be maintained for false representations and deceit used to induce parties to enter into a contract whereby they have been damnified, although the parties may have entered into a written agreement and in such agreement there be a warranty or stipulation upon the point covered by the misrepresentations. The action will also lie if there is no reference in the contract to the subject of such misrepresentations.

2. In the case presented, evidence tending to show that, notwithstanding the property sold did not correspond with the representations, the plaintiffs received their money's worth, was properly refused. Plaintiffs were entitled to the benefit of their contract.

[Opinion filed February 14, 1890.]

APPEAL from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding.

Messrs. BROWN, WHEELER & BROWN and PALMER & SHUTT, for appellants.

Messrs. PATTON & ·HAMILTON and ROBERT MATHENY, for appellees.

WALL, J.   This was an action on the case to recover damages for deceit in the sale of a certain. saw mill and a quantity of timber standing and growing on certain lands. The plaintiff recovered a judgment for $900 and the defendants bring the record here by appeal.   The special ground of fraud alleged was the representation that the tract of timber known as the Jameson timber contained eighty acres when, in fact, it contained but thirty acres.

It appears that the parties were negotiating for several months and finally agreed upon the price of $3,000, which was paid.   The defendants had represented that they had a contract for the timber on what was known as the Hadley tract for thirteen acres, and, as is alleged, that they had a contract for the timber on the Jameson tract for eighty acres.   It appears that plaintiffs were shown the latter tract and the boundaries were pointed out in a general way.   When the parties had agreed upon the terms of the bargain they went to an attorney to have a written contract prepared.   Defendants had failed to bring the Jameson contract, making some excuse for not doing so, and never did produce it; and the plaintiffs did not learn of the shortage until long afterward when Jamison showed them his copy of the contract.   The evidence sufficiently supports the allegation of fraud and deceit in reference to the representations made by defendants in respect to the quantity of this tract.   And as to the questions of fact generally it may be said that the verdict of the jury is responsive to the evidence.   We consider it necessary to refer only to the questions of law presented by counsel for the appellants.

The written contract made by appellants recited that they, having sold and delivered to appellees for the sum of $3,000 a certain saw mill, etc., in consideration of said sum agreed, first, to turn over all saw-mill custom they might control; second, that they hereby assign and transfer to said Sexton & Bybee all interest which they have acquired in and to about eighty

acres of saw timber in Gardner township, Sangamon county, Illinois, under a contract heretofore entered into by the said N. C. Antle & Bro., with one S. H. Jameson. Other provisions need not be stated.

On the trial the defendants (appellants) moved to exclude from the jury all the oral agreements and representations referring to the subject-matter of this second clause. The motion was overruled and the point was presented by instructions asked for defendants, which were refused. It is urged that in the action of the court herein there was error, the position of counsel being "that the writing was the best evidence of the contract; that it was the ultimate fact to be proved, and oral proof could not be substituted for the written evidence of any contract which the parties have put in writing; that the writing was tacitly agreed upon by the parties as the only repository and the appropriate evidence of their agreement." The action was not brought upon the contract but upon false representations, and deceit used to induce the plaintiffs to enter into the contract whereby they have been damnified.

It is well settled that such an action will lie though the parties may have entered into a written agreement, and though in such agreement there be a warranty or stipulation upon the point covered by the misrepresentations. Addison on Torts, Vol. 2, p. 1004; Hilliard on Torts, Vol. 1, Secs. 4, 5 and 12; 1 Chitty on Pl. 137, note 4; Ward v. Winian, 17 Wendell, 193; Eames v. Morgan, 37 Ill. 260. And so it will lie if, in the written contract, there is no reference to the subject of the deceitful statements.

In the present instance it is difficult to say what is the significance of the descriptive language used in the second clause as to the quantity of acres in the Jameson tract. It reads that they assign all interest which they have acquired in and to about eighty acres of sold timber, etc. The phrase is rather ambiguous. We are not required to determine whether it amounts to a warranty that the contract they held covered eighty acres, for, as we understand the law, it is immaterial whether the written contract omits any reference to the sub-

ject of misrepresentation or whether it contains a provision of warranty in that respect. The theory of the action is that, for the fraudulent and deceitful representation of the defendant, inducing plaintiff to make a contract which he would not have made otherwise, and by which he has been damaged, he should have his remedy, and this regardless of any remedy the law might afford upon the contract itself.

As remarked by Nelson, C. J., in Ward v. Winian, *supra:* "The fraud is not merged nor extinguished by the covenant, but affords an additional and more complete remedy to the party." We are of opinion the ruling of the Circuit Court upon this point was correct.

The only other point requiring specific notice is as to the measure of damages. The rule adopted was the difference in value between the saw timber obtained and what would have been obtained if there had been eighty acres of it—that is, calculate a shortage of fifty acres, at the price per acre which it was shown to be worth—and the verdict was $100, less than under the evidence might have been allowed.

In Field on Damages, Sec. 706, the rule is stated thus: "In cases of fraudulent representations of the quality or quantity of property sold, the general rule of damages is the difference between the value of the property as it is and what it would be worth if the representations had been true." To the same effect see Sedgwick on Damages, marginal page 559, where, after a similar statement of the rule with regard to personal property, the author adds: "The same rule, I apprehend, holds upon the sale of real estate where the action is for deceit." Citing Whitney v. Allaire, 1 Comstock, 305. So it was laid down in Drew v. Beall, 62 Ill. 164, where the deceit was in regard to quality.

Counsel for appellant urge that there was error in refusing evidence tending to show that, notwithstanding the shortage, plaintiffs got the worth of their money in the whole trade, but we are unable to agree with this position. The plaintiffs were entitled to the benefit of their bargain, as was said in Drew v. Beall, *supra.* There was no contract price on specific items. It was a general price for all, and they had a right to expect everything as represented.

An expression in Hiner v. Richter, 51 Ill. 299, is quoted as supporting counsel's position, when it is said that the plaintiff would be entitled to the purchase money on the deficient quantity, and interest thereon.   It does not appear precisely what were the facts alleged, but from the language of the court it would seem there was a contract price per acre, fixed by the parties, and if so, the agreed rate would naturally furnish the basis of damages.

Such was not the case here.   We think there is no sound distinction between quality and quantity in this respect.   We find no substantial error in the record, and the judgment will be affirmed.

*Judgment affirmed.*