N. C. ANTLE & BRO.

*v.*

WILLIAM E. SEXTON *et al.*

*Filed at Springfield May 11, 1891.*

1. FRAUD AND DECEIT—*when actionable.* Where a defendant sells a saw-mill and its appurtenances, with the timber on two tracts of land, one of which is falsely represented to the purchaser as containing eighty acres when it contained only fifty acres of timber, for a gross sum, the purchaser will have the right to recover, in an action for the deceit, the value of the timber on the tract as represented, less its actual value. He will have the right to expect everything as represented.

2. Where a vendor makes a misrepresentation to the vendee as to a material fact, and such misrepresentation is made knowingly, and for the purpose of deceiving and defrauding the latter, who relies upon the statement made under such circumstances as would induce a reasonably prudent man to rely on the same, the party making such representations, knowing their falsity, will be liable to the vendee in an action on the case for fraud and deceit.

3. SAME—*written contract.* Such an action lies though the parties may have entered into a written agreement, and though, in such agreement, there be a warranty or stipulation upon the point covered by the misrepresentations; and so it will lie if in the written contract there is no reference to the subject of the deceitful statements. The fraud is not merged nor extinguished by the covenant, but affords the party another and more complete remedy.

4. SAME—*in obtaining written contract—proof of, by parol evidence.* In an action for fraud and deceit, based upon false representations of the defendant in relation to the subject of a written contract, the plaintiff may prove the misrepresentations made to induce him to execute the contract by parol evidence, notwithstanding the terms of the contract may be reduced to writing. In such case the action is not upon the contract, but upon the representations and deceit.

5. SAME—*measure of damages.* In cases of fraudulent representations of the quality or quantity of the property sold, the general rule of damages is the difference between the value of the property as it is and what it would be worth if the representations had been true. The same rule holds in sales of land where the action is for deceit.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

Messrs. BROWN, WHEELER & BROWN, and Messrs. PALMER & SHUTT, for the appellants:

· The action was not brought upon the contract, but upon false representations and deceit, used to induce the plaintiffs to enter into the contract, whereby they have been damnified. It is well settled that such an action will lie though the parties may have entered into a written agreement, and though in such agreement there be a warranty or stipulation upon the point covered by the misrepresentations. 2 Addison on Torts, 1004; 1 Hilliard on Torts, secs. 4, 5, 12; 1 Chitty's Pl. 137, note 4; *Ward* v. *Wiman,* 17 Wend. 193; *Eames* v. *Morgan,* 37 Ill. 260.

So it will lie if in the written contract there is no reference to the subject of the deceitful statements.

As to the measure of damages in an action for deceit, see Field on Damages, sec. 706; Sedgwick on Damages, sec. 559; ·*Whitney* v. *Allaire,* 1 Comst. 305; *Drew* v. *Beall,* 62 Ill. 164.

Messrs. PATTON & HAMILTON, and Mr. ROBERT MATHENY, for the appellees:

If a defendant has made a false representation, knowing it to be false, with intent to induce and has thereby induced the plaintiff to enter into a contract into which, but for that misrepresentation, he would not have entered, and the plaintiff has been damnified by the falsehood, a case of fraud is made out, and an action for damages is maintainable. 2 Addison on Torts, (4th Eng. ed.) 1004; *Dobell* v. *Stevens,* 3 B. & C. 623; *Eames* v. *Morgan,* 37 Ill. 260; *Ward* v. *Wiman,* 17 Wend. 193; *Culver* v. *Avery,* 7 id. 381; *Railway Co.* v. *Lyng,* 63 N. Y. 653.

The statements of a vendor may be shown, to show fraud. and deceit.   *Hicks* v. *Stevens,* 121 Ill. 192.

Of the right of a party to rely on false representations, see *Linington* v. *Strong,* 107 Ill. 302; *Risch* v. *Von Lullielthal,* 34 Wis. 250; *Jackson* v. *Armstrong,* 50 Mich. 65; *Endsley* v. *Johns,* 120 Ill. 469.

An action on the case for deceit, for fraudulently represent- ing the extent or quantity of land or personal property, may be maintained when the vendee relies upon the statements of the vendor, and is injured thereby.   *Endsley* v. *Johns,* 17 Bradw. 466; 120 Ill. 469; *Ladd* v. *Piggott,* 114 id. 647; *Bud- long* v. *Cunningham,* 11 Bradw. 28.

As to the measure of damages, see *Drew* v. *Beall,* 62 Ill. 164; *Whitney* v. *Allaire,* 1 Comst. 305; *Culver* v. *Avery,* 7 Wend. 381.

Mr. JUSTICE BAKER delivered the opinion of the Court:

This was an action on the case, by appellees, against appel- lants, to recover damages for fraud and deceit in the sale of timber standing on the land of one Jameson. The subjects of the sale were the timber that had been bought by appel- lants from Jameson, a saw-mill and its appurtenances, and thirteen acres of timber on the Hadley land. The sum of $3000, in gross, was paid for the property, no separate prices being fixed for the different articles. The ground of fraud re- lied on was the representation that the tract of timber bought from Jameson contained eighty acres, when in fact the Jame- son contract only conveyed to appellants thirty acres of tim- ber. Appellees recovered in the circuit court judgment for $900, and that judgment was affirmed in the Appellate Court, and the cause was brought here on a certificate of importance.

In the written contract signed by the parties it is recited that the appellants agreed as follows:

"*Second*—That they hereby assign and transfer to said Sex- ton & Bybee all interest which they have acquired in and to

about eighty acres of saw-timber in Gardner township, Sangamon county, Illinois, under a contract heretofore entered into by the said N. C. Antle & Bro. with one S. H. Jameson.

"*Fourth*—They hereby agree to assign over to said Sexton & Bybee the written contracts with said Jameson & Hadley, above referred to."

It is suggested by appellants, that where the means of knowledge are at hand and equally available to both parties, and the subject of purchase is open to inspection, the purchaser can not be heard to say that he was deceived by the vendor's misrepresentations, and fault is found that the court instructed the jury, that if the representation was made "in such a way and under such circumstances as to induce a reasonably prudent man to believe that the matter stated was true," and if the plaintiffs, "in the exercise of reasonable prudence, believed the representation to be true," etc., it sufficiently sustained the action for deceit. The false representation consisted in misstating the terms of the Jameson contract, and the parties did not stand upon an equal footing in respect thereto. Said contract was in the possession of appellants, and they had full knowledge of its provisions, while appellees did not have access to it, and it was withheld from their inspection upon a plausible pretext stated by appellants. The land upon which the timber grew was in a peculiar shape, and was contiguous to other timber lands, and although the timber was pointed out to appellees, yet it is manifest that without a knowledge of the boundaries and an actual measurement, no person could tell the number of acres in the tract. In numerous instructions given by the court, the knowledge of appellants that the representation was false, and the fact that the same was made with the intent and for the purpose of deceiving and defrauding appellees, were made conditions precedent to the right of recovery. Surely, where a misrepresentation is made as to a material fact, and such misrepresentation is made knowingly, and for the express purpose of

deceiving and defrauding, and the party injured relies upon the statement made, and under circumstances which would induce a reasonably prudent man to so rely, there must be a right of action at law for fraud and deceit. To throw a purchaser out of court in such case, upon the plea he did not avail himself of the means of knowledge open to him, would be offering a premium on fraud, and would be destructive of confidence in business transactions. There was no error of which appellants can complain in instructing the jury as above indicated. *Linington* v. *Strong*, 107 Ill. 295; *Endsley* v. *Johns*, 120 id. 469; *Schwabacker* v. *Riddle*, 99 id. 343; *Hicks* v. *Stevens*, 121 id. 186.

In the opinion of the Appellate Court, by Wall, J., reference is made to the second clause of the written contract between appellants and appellees, which is quoted above, and also to the fact that at the trial the appellants moved to exclude from the jury all the oral evidence and representations referring to the subject matter of said second clause. Said opinion then proceeds as follows:

"The motion was overruled, and the point was presented by instructions asked for defendants, which were refused. It is urged that in the action of the court herein there was error, the position of counsel being, 'that the writing was the best evidence of the contract; that it was the ultimate fact to be proved, and oral proof could not be substituted for the written evidence of any contract which the parties have put in writing; that the writing was tacitly agreed upon by the parties as the only repository and the appropriate evidence of their agreement.' The action was not brought upon the contract, but upon false representations and deceit, used to induce the plaintiffs to enter into the contract, whereby they have been damnified. It is well settled that such an action will lie though the parties may have entered into a written agreement, and though in such agreement there be a warranty or stipulation upon the point covered by the misrepresentations. (2 Addi-

son on Torts, 1004; 1 Chitty's Pl. 137, note 4; 1 Hilliard on Torts, secs. 4, 5, 12; *Ward* v. *Wiman*, 17 Wend. 193; *Eames* v. *Morgan*, 37 Ill. 260.) And so it will lie if in the written contract there is no reference to the subject of the deceitful statements.

"In the present instance it is difficult to say what is the significance of the descriptive language used in the second clause as to the quantity of acres in the Jameson tract. It is said that they assign all interest which they have acquired in and to about eighty acres of saw-timber, etc. The phrase is rather ambiguous. We are not required to determine whether it amounts to a warranty that the contract they held covered eighty acres, for, as we understand the law, it is immaterial whether the written contract omits any reference to the subject of misrepresentation, or whether it contains a provision of warranty in that respect. The theory of the action is, that for the fraudulent and deceitful representation of the defendant, inducing plaintiff to make a contract which he would not have made otherwise, and by which he has been damaged, he should have his remedy, and this regardless of any remedy the law might afford upon the contract itself. As remarked by NELSON, C. J., in *Ward* v. *Wiman*, *supra*, 'the fraud is not merged nor extinguished by the covenant, but affords an additional and more complete remedy to the party.' We are of opinion the ruling of the circuit court upon this point was correct."

We concur in the view thus taken by the Appellate Court.

We also agree with the views expressed in the Appellate Court opinion in respect to the measure of damages. Upon that matter WALL, J., says:

"The rule adopted was the difference in value between the saw-timber obtained and what would have been obtained if there had been eighty acres of it,—that is, calculate a shortage of fifty acres at the price per acre which it was shown to be worth,—and the verdict was $100 less than under the evi-

dence might have been allowed. In Field on Damages, sec. 706, the rule is stated thus: 'In cases of fraudulent representations of the quality or quantity of property sold, the general rule of damages is the difference between the value of the property as it is and what it would be worth if the representations had been true.' To the same effect see Sedgwick on Damages, marg. page 559, where, after a similar statement of the rule with regard to personal property, the author adds: ''The same rule, I apprehend, holds upon the sale of real estate, where the action is for deceit,' citing *Whitney* v. *Allaire,* 1 Comst. 305. So it was laid down in *Drew* v. *Beall,* 62 Ill. 164, where the deceit was in regard to quality.

"Counsel for appellants urge that there was error in refusing evidence tending to show, that, notwithstanding the shortage, plaintiffs got the worth of their money in the whole trade; but we are unable to agree with this position. The plaintiffs were entitled to the benefit of their bargain, as was said in *Drew* v. *Beall, supra.* There was no contract price on specific items. It was a general price for all, and they had a right to expect everything as represented.

"An expression in *Hiner* v. *Richter,* 51 Ill. 299, is quoted as supporting counsel's position, where it is said that the plaintiff would be entitled to the purchase money on the deficient quantity, and interest thereon. It does not appear precisely what were the facts alleged, but from the language of the court it would seem there was a contract price per acre fixed by the parties, and if so, the agreed rate would naturally furnish the basis of damages. Such was not the case here. We think there is no sound distinction between quality and quantity in this respect."

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*