## William Phelan and Patrick Phelan v. Bert M. Kuhn.

1. FRAUD AND DECEIT—*When the Action Lies.*—An action for fraud and deceit will lie for a false and fraudulent misrepresentation of an existing fact—for example, the contents of the contract of lease by which the lessees were induced to sign and so to assume very onerous obligations on their part.

Memorandum.—Action for deceit. In the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Judge, presiding. Judgment on demurrer to declaration; appeal by plaintiff. Heard in this court at the May term, 1893. Reversed and remanded. Opinion filed December 4, 1893.

The opinion states the case.

Phelan v. Kuhn.

Appellants' Brief, R. L. Fleming, Attorney; Fifer & Phillips, of Counsel.

An action on the case for the false representations and deceit used to induce plaintiffs to enter into a contract whereby they were damnified can be maintained independently and regardless of the remedy which the law affords on the contract. Antle v. Sexton, 32 Ill. App. 339; 2 Addison on Torts, 1004; 1 Hilliard on Torts, Secs. 4, 5 and 12; Chitty on Pleadings 137, Note 4; Ward v. Winian, 17 Wend. 193; Eames v. Morgan, 37 Ill. 260.

The terms of a written contract may be varied by parol evidence, when the contract was entered into through fraud.

It is urged that the oral contract is merged in the written one, and we could not be suffered to contradict the terms of the writing by parol evidence, and this is true except in case of fraud. But fraud is the essence, the soul, the body, and the very life of the present action, therefore the exception and not the rule applies. Schwass v. Hershey, 125 Ill. 659; Black v. Wabash, St. L. & P. Ry. Co., 111 Ill. 351; Gardt v. Brown, 113 Ill. 479; Hicks v. Stevens, 121 Ill. 191.

It is not necessary to aver that plaintiff is unable to read when it is alleged that he was fraudulently prevented from reading. Strong v. Linington, 8 Brad. 445.

Diligence is a question of fact for the jury to consider, and need not be alleged in the declaration. "It is not a question of law to be determined by the court." City of Chicago v. Keefe, Admr., 114 Ill. 222.

"Whether the plaintiff is guilty of such negligence as will preclude him from setting up his defense is a question for the jury." Munson v. Nichols, 62 Ill. 111.

If one party is trusted to reduce the contract to writing, he is bound to do it truly, and any variation from it materially affecting the other party, if known to him, is a clear fraud. Botsford v. McLean, 45 Barb. 487; Smentek v. Cornhauser, 17 Brad. 269; Bigelow on Torts, 29–30; Bigelow on Frauds, 73.

The law only requires that a person signing an instru-

ment should read it or cause it to be read by some one in whom he places confidence.   Taylor v. Atchison, 54 Ill. 196.

Only reasonable diligence is required.   Coyne v. Dooley, 34 Ill. App. 31.

No man can complain that another has relied too implicitly upon the truth of what he himself stated.   Kerr on Fraud, 80; Lloyd v. Higbee, 25 Ill. 603; Addison on Torts, 1004; Pasley v. Freeman, 3 T. R. 55; Eames v. Morgan, 37 Ill. 260; Weatherford v. Fishback, 3 Scam. 171; School Directors v. Boomhour, 83 Ill. 17; Easter v. Minard, 26 Ill. 494; Allen v. Hart, 72 Ill. 104; Kohl v. Lindley, 39 Ill. 195; Champion v. Ulmer, 70 Ill. 322; Hubbard v. Rankin, 71 Ill. 129.

LILLARD & WILLIAMS and JOHN J. MORRISSEY, attorneys for appellee.

MR. JUSTICE PLEASANTS DELIVERED THE OPINION OF THE COURT.

The Circuit Court sustained a demurrer to the declaration herein and each count thereof, and thereupon rendered judgment for defendant for costs, from which plaintiffs prosecute this appeal.

It was an action on the case for fraudulent misrepresentation and deceit, and the declaration, in five counts, alleged in substance that on January 25, 1892, the parties verbally agreed on the terms of a lease by defendant to plaintiffs, of his farm of 400 acres for five years, from the first day of March then next, at an annual cash rent of $1,600, to be reduced to writing, by which it was, among other things, to be provided that he should furnish all the tile required to drain the land in time to enable them to lay and place it during that spring before plowing; that plaintiffs, being illiterate and unable to write or to read writing, then proposed to defendant to employ at their own expense a disinterested and competent attorney to reduce them to writing, but he prevented, by assuring them that he would do it properly himself, and they consented that he should;

that he then drew up the lease, and then and there represented to them that he had put in it the provision relating to the tile, as it had been agreed upon, and pretended to read to them from the lease he had prepared, and as being included, words which fully covered and expressed it—all with fraudulent intent, fully charged; that they relied implicitly on his promise that he would, and his representations that he did put that provision in it, and were thereby induced to execute it, which they would not have done if they had known, as the fact was, that it really contained no such provision.

It further avers that the demised lands are low and wet, and can not be cultivated without draining; that no crops were or could be raised thereon in 1892, for want of tiling; and that the lease, without defendant's obligation to furnish the tile required, is worth far less than it would be with it, to wit, the sum of $4,000. One of the counts contains the additional averment that on March 1, 1892, defendant sold and transferred the farm, with said lease, to George J. McGinnis, who refuses to tile it.

For appellee it is contended that upon the facts as averred, appellants' only remedy is upon the agreement really made but fraudulently omitted from the lease; in other words, that plaintiffs' only cause of action, as stated, is the breach by defendant of his executory agreement to furnish the necessary tile.

In such case the law clearly is that an action for fraudulent misrepresentation and deceit will not lie. To maintain that action it must be averred and proved that the fraudulent misrepresentation related to and was of a fact then existing. An intention as to the future is not such a fact. Although appellee when he made the agreement, may have intended, however fraudulently, not to perform but to break it, the only remedy for his actual breach of it, would be upon the agreement; and if such is the case made by this declaration, the demurrer thereto was properly sustained and the judgment should be affirmed. The People ex rel. v. Healey, 128 Ill. 14, and authorities there cited.

But we do not so read this declaration, nor can we so con-

strue it. As we understand it the cause of action stated is not the failure of defendant to furnish the tile, nor the fraudulent omission from the lease of his agreement to furnish it — each of which is so often claimed in the argument — but simply and solely the false and fraudulent misrepresentation of an existing fact, namely, the contents of the contract of lease they were asked and thereby induced to sign and so to assume very onerous obligations on their part.

In the transactions stated there was, first, an executory agreement of defendant, that he would put in the lease to be drawn up by him, a provision binding him to furnish the tile, and second, an executory agreement thereby made that he would furnish it. The first would have been executed by the inclusion in the lease of the second. He represented that it was so included. That was a matter, not of intention or of agreement to be thereafter performed, but of fact then existing. The representation was alleged to have been false and fraudulent, and injurious to the plaintiffs, who were deceived thereby. These are all the elements of a case for an action like this. The damage alleged and to be recovered, if any, is not the loss of crops or any other directly resulting from defendant's failure to furnish tile, but the lessening of the value of plaintiff's lease, the written instrument by which their interest in the premises is shown. Such instruments are of themselves property, and have a value depending on their provisions. They may be indispensable to the enjoyment of a right and therefore as valuable as the right itself. A lease for five years, of 400 acres of low, wet land, containing an enforceable agreement of the lessor to furnish all tile necessary to drain it, is certainly a very different thing, as respects value, from such a lease without such an agreement. That difference would seem to be at least what it would cost to procure the tile. But we are not now concerned with the rule as to the measure of damages, nor intending to indicate it. For present purposes it is sufficient, if plaintiffs were shown by the declaration to be entitled to recover.

We are of opinion that it states a case of fraudulent mis-

representation of a matter of existing fact, by which plaintiffs, without their fault, were deceived and damaged, and they are not limited for remedy to an action on the lease, when it shall be reformed, so as to show the alleged agreement to furnish tile. Antle v. Sexton, 32 App. 439, and authorities cited; same case, 137 Ill. 410. The judgment of the Circuit Court is therefore reversed and the cause remanded.