THE E. A. MOORE FURNITURE COMPANY

*v.*

W. & J. SLOANE, a corporation.

*Filed at Ottawa May 11, 1897.*

1. APPEALS AND ERRORS—*harmless errors in conduct of trial will not reverse.* Harmless errors of the trial court in admitting and excluding evidence and in giving and refusing instructions will not work reversal.

2. SALES—*breach of warranty—fact that buyer retained goods may be considered by jury.* The fact that the buyer, after a reasonable opportunity to examine goods sold by sample, retained possession of them without complaining of their quality or offering to return them, may be considered by the jury in determining whether or not there was a breach of warranty.

3. SAME—*damages—general rule of damages for breach of warranty.* The general rule of damages for breach of warranty is to allow the difference between the value of the goods at the time of the sale and their value had they been as warranted.

*Moore Furniture Co.* v. *Sloane*, 64 Ill. App. 581, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ABNER SMITH, Judge, presiding.

MOSES, PAM & KENNEDY, for appellant.

WINSTON & MEAGHER, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the First District affirming a judgment of the circuit court of Cook county in favor of appellee for $1541.52 and costs, recovered in a suit in assumpsit in said court on the common counts, on an account of the same amount. The account was for a balance due on a sale of carpets, and was not disputed, except that the appellant attempted to recoup for an alleged failure of warranty. The sale was made by sample, and defendant below, appellant here, introduced some evidence tending to show some defects in the carpets, but none that they were inferior to the samples. The only questions for this court arise on the admission of evidence and on the instructions.

The only evidence discussed in appellant's argument relates to certain conversations had by appellee's witness Smith with the president of the appellant company and another person who appeared to be in charge of the office. Smith was permitted to testify to various conversations had with this person apparently in charge of appellant's office, but who was otherwise unidentified. Conceding that these conversations with this unidentified person were improper, still no harm was done to appellant's case thereby, as they contained no admissions of any kind and ended with a refusal to sign certain notes. The refusal to sign these notes was not controverted and no point was made on it. The witness Smith was also permitted to testify to a conversation carried on through the telephone between him and some person in appellant's office, who was also unidentified and apparently unknown. This was improper and should not have been admitted, but as the conversation tended to prove noth-

ing bearing upon the issues, and could not have influenced the jury in any respect in making up their verdict, the error was harmless and cannot operate to reverse the judgment.

It is next urged that the court erred in not excluding from the jury the answer of the witness Strawn, which was objected to, to the following question: "I see by this that there is $1991.52, with a credit of $450, leaving $1541.52, and this is the account that you presented to the president?" Answer: "That is the account then due, and is now due and unpaid." While the answer is not exactly responsive, we do not see what harm it could have done, as the amount of the bill and the balance remaining unpaid were not denied.

The plaintiff's evidence consisted of the testimony of two witnesses, who testified that they had presented the statement of account to the president of the company, and that he, after an examination of the same, pronounced it correct but professed inability to pay it then, and said they wanted to pay the bill and would pay it as fast as they could. He is the only one who made any admissions in the conversations testified about, as to the correctness of the bill. Plaintiff also introduced in evidence a number of letters from defendant in relation to the account in controversy, in none of which was the correctness of the account denied or the account complained of in any way, but in all a desire and intention to pay the same as soon as possible were expressed and further time requested.

It is next contended that the trial court erred in giving and refusing instructions to the jury. It is contended that the second instruction given for the plaintiff was erroneous, because by it the jury were told, in substance, that if they believed, from the evidence, that the defendant, "by its officers or authorized agents, examined the said account and stated that it was correct and promised to pay the same," then the plaintiff would be entitled

to recover "the amount in said account admitted by the defendant to be due and owing to the plaintiff." The carpets were sold by sample, and there is no evidence in the record that they were not as good as such sample. There could therefore be no error in giving an instruction which ignored that part of the defense. Nor do we think the instruction open to the criticism that it treated the conversation between the witness Smith and the alleged unidentified persons as satisfactory. As before stated, no admissions were made by unidentified persons. The admissions were made by the president managing the business of the company, and by letters from the company the authenticity of which was not questioned.

It is further said that the first instruction given for the plaintiff stated the law incorrectly. By it the jury were told that if they believed, from the evidence, that the defendant purchased the carpets by sample, and after it received them had an opportunity to inspect and examine them, and did not thereafter, within a reasonable time, make any complaint that they were not equal in quality to said sample, or did not, within a reasonable time, offer to return said goods but retained the same, then the jury should take these acts of the defendant into consideration in determining whether or not said goods were equal in quality to said sample; and it is said that this court held in *Crabtree* v. *Kile*, 21 Ill. 180, that in order to maintain a suit for breach of warranty it was not necessary to offer to return the goods or to give notice to the seller. It was, however, said that a failure to do so would raise a presumption against the buyer that the goods, at the time of the sale, did not have the defect complained of. The instruction did not state that the acts of the defendant mentioned would preclude the defendant from complaining of a breach of warranty, but only that the jury should take such acts into consideration in determining whether there was such a breach or not. The instruction was not erroneous.

Three of the instructions offered by the defendant were refused, and such refusal is assigned for error, but counsel content themselves with but little more than the bare statement that the court erred in not giving them to the jury. They are of considerable length and it is unnecessary to set them out here, but it is sufficient to say that, independently of other defects, they are all erroneous in stating an improper rule for the assessment of damages in such a case. "The general rule of damages for a breach of warranty is the difference between the value of the property at the time of the sale and what its value would have been had it been as warranted to be." (2 Sutherland on Damages, 422; *Wallace* v. *Wren*, 32 Ill. 146; *Drew* v. *Beall*, 62 id. 164.) This was not the rule stated in the refused instructions.

Even if slight errors intervened, it must have been apparent to the courts below, as it is to us, that substantial justice has been done and that the judgment ought to stand.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*