## J. G. Wallace v. Guy Tanner.

### Gen. No. 4,431.

1. WARRANTY—*appropriate forms of action for breach of.* Case or assumpsit lies for false warranty on the sale of goods.

2. WARRANTY—*when scienter need not be established in action for breach of.* Where case is brought upon a false warranty, scienter need not be charged or proved.

3. ERROR—*when appellant cannot complain of.* An appellant cannot complain of an error committed in his favor and which was induced by him.

4. MEASURE OF DAMAGES—*in action of case for false warranty.* In an action of case for false warranty of a mare, special damages, such as feeding, care and attention, may be recovered where relied upon in the pleadings and proved upon the trial.

Action of case. Appeal from the County Court of DuPage County; the Hon. LINUS C. RUTH, Judge, presiding, Heard in this court at the October term, 1904. Affirmed. Opinion filed March 8, 1905.

H. H. GOODRICH, for appellant.

LEONARD E. DEWOLF, for appellee.

MR. JUSTICE VICKERS delivered the opinion of the court.

This is an action on the case for damages sustained by appellee, on account of a false warranty in the sale of two mares. Appellee recovered a judgment for $75 from which this appeal is prosecuted.

Appellee bought two young mares from appellant for $190. He charges in his declaration that appellant falsely and fraudulently represented and warranted said mares to be Clydesdale bred and suitable to improve appellee's stock of horses; that they were free from any brands or blemishes, and both sired by the same Clydesdale stallion; that appellant bred one of them, sold the dam and afterward brought the colt back. Whereas in truth and in fact, it is alleged, the mares were Mexican, Mustang or Indian bred, restive, unsteady and ungovernable and wholly worthless to appellee for his purposes, and that thereby appellant falsely and fraudulently deceived appellee, by means whereof he was put to a large bill of expense in keeping and attempting to break and use them and in trying to dispose of them. To this declaration appellant filed the plea of not guilty.

Appellant's first contention is that this is an action for fraud and deceit in the sale of these horses; and that as such it cannot be maintained without proof of scienter, and many cases are cited in support of this well-known rule of

law. If appellant's premises are sound there can be no doubt of his conclusions. Appellant seems to assume that for a breach of warranty, assumpsit is the only action maintainable. The law appears to be otherwise. In 1 Chitty's Pl., p. 136 (13 Am. Ed.), it is said : " Case or assumpsit may be supported for a false warranty on the sale of goods." Case lies for a deceitful warranty, although it was part of the contract that if the vendee did not like the goods, he could exchange them for others of equal value. 2 Stark. 162. Many torts arise out of a state of facts which also constitute a breach of contract, and in that event the injured party may elect to bring his action either *ex contractu* or *ex delicto*. 28 Am. & Eng. Ency., p. 225 (2nd Ed.).

In People ex rel. v. Healy, 128 Ill. 9, it is said : " If one, by means of a false warranty, induce another to purchase, the purchaser may have his remedy upon the covenant of warranty, or he may bring suit for the tort," citing Cooley on Torts, 90.

This cause is entitled an action of case, and the appellant pleaded a plea applicable to such action, but the test is, what is the cause of action as set out in the declaration. People ex rel v. Healy, *supra*. Clearly it is an action of tort, for a false warranty, and not an action for fraud and deceit, as is assumed by appellant. The declaration is not free from objections, but in substance it follows approved precedents as laid down in 2 Chitty's Pleading, pages 679 to 682, (13 Am. Ed.) and 1 Shinn's Pl. and Prac., p. 697, and is sufficient, at least after verdict.

The declaration does not charge that the alleged false warranty was known to be false by appellant, and made with an intent to deceive, as would be necessary if the action was one for fraud and deceit. Miller v. John, 111 App. 56, and cases there cited. But in an action of tort for a false warranty the *scienter* need not be averred and if charged it need not be proven. 1 Chitty's Pl., 137 (13 Am. Ed.).

In the instructions given on behalf of appellee the court properly treated the action as one for a false warranty, and

laid down the law applicable to that action. But in the instructions given at the instance of appellant however, the court seems to have treated the action as being controlled by the rules of law applicable to actions for fraud and deceit. These are errors of which appellant cannot complain since appellee was required to assume burdens of proof which the law does not require. Both parties asked an instruction to the effect that the measure of damages was the difference between the value of the horses as they were and the value had they been as warranted. Where the purchaser retains the property and brings an action of assumpsit for a simple breach of warranty this would undoubtedly be the correct measure of damages. Moore Furniture Co. v. Sloane, 166 Ill. 457; 2 Sutherland on Damages, 422; Drew v. Beall, 62 Ill. 164. But where there is special, consequential damages, such as feeding, care and attention, such as are alleged in this case, or other like damages, resulting from a breach, they may properly be included as part of the recovery, when claimed in the declaration and proven. 2 Benjamin on Sales, secs. 1306, 1358; Phelan v. Andrews, 52 Ill. 486; Heenan v. Redmen, 101 App. 603. The measure of damages laid down in the instructions is more favorable to appellant than the law warrants, hence he has no grounds of complaint in this regard.

It is insisted that the finding of the jury is against the weight of the evidence. Whether there was in fact a warranty was controverted on the trial; appellee testifies that appellant told him the mares were Clydesdale bred; that he knew this because he had bred the dam of the mares to a Clydesdale stallion in the neighborhood and afterwards sold her and bought the colt back. Appellee is corroborated to some extent by the witness Taylor and by correspondence that passed between the parties after the sale. Whether the mares had Clydesdale blood in them could not be determined except by the opinions of witnesses familiar with the characteristics of this breed. They were branded western horses. One of them had been bought by the witness Prentice, a horse dealer, at South St. Paul,

Minnesota, and the other he bought at Sioux City, Iowa, and sold them to appellant. Appellee bought the mares on the 16th of March; the hair was long and he did not discover they were branded until the winter coat of hair was off. It is apparent appellee never suspected he was buying western ranch horses, and even though the preponderance of the evidence may tend to show that in the opinion of the witnesses these mares were grade Clydesdale, still that fact alone cannot control the verdict. Other matters entered into the trade that influenced appellee, such as the statement that appellant had bred these colts himself, that they were free from brands and blemishes, which is shown to be utterly false.

The verdict is not so clearly against the preponderance of the evidence as to require a reversal.

Finding no error in the record of which appellant can complain, the judgment is affirmed.

*Affirmed.*